**CARPENTERS' DISTRICT COUNCIL, DETROIT, WAYNE AND OAKLAND COUNTIES AND VICINITY, OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO, Appellant,**

v.

**John CICCI, Appellee.**

**No. 13540.**

United States Court of Appeals
Sixth Circuit.

Nov. 19, 1958.

Boaz Siegel and Rolland R. O'Hare, Detroit, Mich., Schwartz & O'Hare, Detroit, Mich., on brief, for appellant.

Dee Edwards, Detroit, Mich., for appellee.

Before MARTIN and MILLER, Circuit Judges, and CECIL, District Judge.

MILLER, Circuit Judge.

The appellant is a voluntary association of several local unions of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, and among its other functions, acts as the collective bargaining agent for members of its constituent local unions and as representative of the majority of all persons employed as carpenters in the Detroit area. Appellee is an employer of members of the Carpenters' Union. This action was brought by the appellee in the District Court under provisions of Sec. 301 of the Labor Management Relations Act of 1947, Sec. 185, Title 29 U.S.C.A., seeking to enjoin the appellant from continuing to breach a collective bargaining agreement and from causing and instructing its members to refuse to work for the appellee.

The complaint alleges that the collective bargaining agreement in force and effect between the parties, provides that any grievances or complaints by either party shall be resolved by and through the grievance procedure established by said contract, including arbitration, and that there shall be no work stoppage on matters not specifically covered by the contract until they have been referred

to the Dispute Committee or Arbitration Committee, and all methods provided by the contract for settlement have been exhausted. It further alleges that the appellant has violated, and is violating, the terms of said contract by causing and instructing its members to cease working for appellee, without having filed any grievance or notified appellee of any claimed violation of the contract, and that appellee is apprehensive that unless appellant immediately rescinds its orders to its members not to work on appellee's jobs, and resumes furnishing competent workmen to appellee, he will suffer irreparable injury.

The verified complaint was filed on Friday, February 14, 1958, at which time an order was entered to show cause why a preliminary injunction should not issue. On Monday, February 17, 1958, the District Judge, over the objection of appellant who requested additional time, held a hearing on the order to show cause and appellee's application for a preliminary injunction. The Court heard arguments of counsel for the respective parties on the legal issues involved, but heard no testimony on any factual issues that might be involved.

The legal questions involved are (1) Is the dispute involved a "Labor Dispute" within the meaning of the Anti-Injunction Act of 1932, known as the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq.? and (2) If the answer to the foregoing question is in the affirmative, does Sec. 301(a) of the Labor Management Relations Act of 1947, as amended, rescind the limitation on the jurisdiction of the federal courts imposed by the Norris-LaGuardia Act? These questions were argued at length by counsel for the respective parties and taken under consideration by the District Judge.

On February 20, 1958, the District Judge gave an oral opinion which discussed the legal issues at considerable length and stated his conclusion that the dispute between the parties was not a labor dispute within the meaning of Sec. 4 of the Norris-LaGuardia Act, and that restrictions against the issuance of a temporary or a permanent injunction, as set forth in Sec. 4 of that Act, did not apply. A preliminary injunction was issued enjoining the appellant, pending further order of the court, from directly or indirectly causing or instructing its members to refuse to work for the appellee, and from continuing to breach the collective bargaining agreement by refusing to furnish competent workmen to the appellee and by ignoring the grievance procedure provided by the said collective bargaining agreement. The present appeal is from that order.

In his oral opinion the District Judge referred to the fact that the appellant had filed no answer and that, accordingly, the Court had before it only the complaint. In making his ruling, he accepted and acted upon the allegations of the complaint and "the admissions of defendant by its counsel during oral argument and in its brief." Appellant contends on this appeal that although it admitted some of the factual allegations of the complaint, it orally denied others and was denied an opportunity to introduce evidence with respect to such issues. Its answer to the complaint was filed on February 28, 1958, which was subsequent to the hearing and to the ruling of the Court, now complained of. No transcript of the hearing was made, and, accordingly, we are unable to ascertain from the record presently before us which allegations were admitted and which were denied. No formal findings of fact were made. In this respect, we are of the opinion that the District Judge failed to comply with the requirements of Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., which provides that in granting or refusing interlocutory injunctions the court shall set forth the findings of fact and conclusions of law which constitute the grounds of its action. This rule is mandatory. Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316–317, 60 S.Ct. 517, 84 L.Ed. 774; Shannon v. Retail Clerks, International Protective Ass'n, 7 Cir., 128 F.2d 553, 555; Bowles v. Russell Packing Co., 7 Cir., 140 F.2d 354. We realize that the

preliminary injunction contains certain recitals which give in a general way the factual background upon which the injunction is based. Such recitals, however, are not in our opinion a fair compliance with the requirements of Rule 52 (a). Bank of Madison v. Graber, 7 Cir., 158 F.2d 137, 141.

It is true that if there is no dispute between the parties about the facts, the allegations of a complaint may be accepted as true, thus eliminating the necessity of formal findings, and it appears that the District Judge proceeded upon that theory. We realize that the District Judge was faced with a troublesome situation. He was engaged in a protracted jury trial which had to be suspended for such period of time as was required in order to hear and pass upon the application for a preliminary injunction. Sufficient time to conduct an extended hearing on the facts was not available without serious conflict with his other duties. The legal questions involved were difficult and reasonably appeared to be of major importance in the matter. But if the allegations of a complaint are denied by a defendant, he is entitled to a hearing, which includes the right to offer evidence in support of his factual claims. Rule 65, Rules of Civil Procedure, contemplates that the issuance of a preliminary injunction shall be upon notice to the adverse party and after a hearing. A hearing embodies the right to be heard on the controverted facts, as well as upon the law. Sims v. Greene, 3 Cir., 161 F.2d 87; City Line Center, Inc., v. Loew's, Inc., 3 Cir., 178 F.2d 267; General Electric Co. v. American Wholesale Co., 7 Cir., 235 F.2d 606, 609; Hawkins v. Board of Control of Florida, 5 Cir., 253 F.2d 752.

The judgment of the District Court is reversed and the case remanded with instructions that if the motion for an interlocutory injunction is pressed, the parties, if they desire it, may be afforded a further hearing and any action taken by the Court shall be upon findings of fact and conclusions founded upon the evidence, in accordance with Rule 52(a) of the Rules of Civil Procedure. Mayo v. Lakeland Highlands Canning Co., supra, 309 U.S. 310, 319, 60 S.Ct. 517, 84 L.Ed. 774.