**James B. CAREY, and International Union of Electrical, Radio and Machine Workers, AFL–CIO, Appellants,**

v.

**W. Richard CARTER, Appellee.**

**No. 18735.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 8, 1965.

Decided March 11, 1965.

Mr. David S. Davidson, Washington, D. C., with whom Mr. Benjamin C. Sigal, Washington, D. C., was on the brief, for appellants.

Mr. Hal Witt, Washington, D. C., with whom Mr. Richard J. Scupi, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, and WASHINGTON and WRIGHT, Circuit Judges.

PER CURIAM:

Appellee Carter was employed as a field representative by the International Union of Electrical, Radio and Machine Workers (IUE). Carter brought suit in the District Court alleging that he had been wrongfully dismissed from that employment. IUE moved for dismissal of the suit or for a stay on the ground that Carter had failed to exhaust his contractual grievance procedures. IUE alleged

in affidavits that Carter had not asked his collective bargaining representative[1] to present his claim or to demand arbitration as provided by the employment contract. Carter's counter-affidavit alleged that he had asked the representative to act on his behalf but its efforts had proved unsuccessful and that, in any event, the representative was hostile to him and would not fairly present his claim. The District Court denied IUE's motion without taking oral testimony concerning the affidavits and without setting forth findings of fact and conclusions of law.

The denial of a stay pending exhaustion of contractual grievance procedures was "in effect an order denying an interlocutory injunction" and is thus appealable.[2] And since the motion was in effect for an interlocutory injunction, Rule 52(a), FED.R.CIV.P., applied. This rule requires that "in granting or refusing interlocutory injunctions the court shall * * * set forth the findings of fact and conclusions of law which constitute the grounds of its action." Here the court's failure to comply with this rule precludes "a proper review of the action of [the] court." Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316, 60 S.Ct. 517, 520, 84 L.Ed. 774 (1940).

Moreover, since the court did not explicitly resolve the factual disputes, we cannot say whether the court properly considered the legislative view that "contract grievance procedures * * * [are] a preferred method for settling disputes and stabilizing the 'common law' of the plant." Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Therefore, we vacate the judgment[3] and remand the case to the District Court "with instruc-

tions that, if the motion [for a stay] * * * is pressed, the parties, if they desire it, may be afforded a further hearing, and any action taken by the court shall be upon findings of fact and conclusions founded upon the evidence, in accordance with Rule 52(a) of the Rules of Civil Procedure." Mayo v. Lakeland Highlands Canning Co., *supra* 309 U.S. at 319, 60 S.Ct. at 521. At such hearing, the parties should be given an opportunity to present oral testimony to resolve conflicting allegations in the affidavits.[4] If the court determines that appellee must exhaust the contractual grievance procedures, it should also consider whether the interests of justice require that appellee's action be stayed, rather than dismissed, pending resort to the contractual procedures.

So ordered.

---

**1.** The collective bargaining representative was the Council of Industrial Organizers, which is not party to this suit.

**2.** Wilko v. Swan, 201 F.2d 439, 441 (2d Cir. 1953); Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935).

**3.** Compare, e.g., Carter v. Campbell, 264 F.2d 930, 940–941 (5th Cir. 1959); Johnson v. United States, 256 F.2d 849 (5th Cir. 1958).

**4.** See Sims v. Greene, 161 F.2d 87 (3d Cir. 1947); Carpenters' District Council v. Cicci, 261 F.2d 5 (6th Cir. 1958); 7 MOORE, FEDERAL PRACTICE ¶ 65.04[3] (2d ed. 1955).