Birdie Mae **DAVIS** et al., Plaintiffs,

v.

**UNITED STATES** of America, etc., Plaintiff-Intervenor,

v.

**BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY** et al., Defendants-Appellees,

Twila **FRAZIER** et al., Defendants-Intervenors,

v.

**AMERICAN FRIENDS SERVICE COMMITTEE, David L. Jacobs, and Bill Rosser**, et al., Respondents-Appellants.

No. 27849.

United States Court of Appeals, Fifth Circuit.

Feb. 16, 1970.

---

George W. Dean, Jr., Destin, Fla., Melvin L. Wulf, New York City, Frankie L. Fields, Mobile, Ala., Reber F. Boult, Jr., Charles Morgan, Jr., Atlanta, Ga., Eleanor Holmes Norton, New York City, of counsel, for appellants.

Abram L. Philips, Jr., Palmer Pillans, George F. Wood, James D. Brooks, Mobile, Ala., for appellee.

Charles S. White-Spunner, Jr., U. S. Atty., Vernon Crawford, Mobile, Ala., for other interested parties.

Before TUTTLE, WISDOM and GOLDBERG, Circuit Judges.

GOLDBERG, Circuit Judge:

For almost a decade there have been judicial efforts to desegregate the schools of Mobile County, Alabama. We do not tarry now to count the many appeals to this court in furtherance of this hope, for we are concerned today with only a single recent episode in this almost Homeric odyssey. We wonder when the epilogue will be written.

The latest episode is this appeal by David L. Jacobs, Bill Rosser, and the American Friends Service Committee from a preliminary injunction issued by the United States District Court for the Southern District of Alabama. The injunction grew out of a series of demonstrations in April and May of 1969 in support of school desegregation and other civil rights objectives in Mobile County. According to the school board's affidavits—which are contradicted by appellants' affidavits—these demonstrations led to absenteeism on the part of some students and resulted in substantial disruption of the educational program in some schools.

On May 8, 1969, the Board of School Commissioners of Mobile County filed a petition in the district court, asking that appellants and others be made parties to the ongoing school desegregation proceeding, claiming that they were responsible for organizing and directing the demonstrations. In its petition the school board asked that these parties be enjoined from engaging in activities designed to dissuade students from attending school or to disrupt the school board's operation of the Mobile County schools. The district court entered an order making appellants and others named by the petition parties to the proceedings and scheduled for May 12, 1969, a hearing on the school board's petition for an injunction. The court also directed that testimony would be by affidavit only.

When the hearing was convened on May 12, appellants filed a motion to dismiss the petition and another motion asking that any hearing include oral testimony or depositions. The court denied the latter motion, but did not then rule on the motion to dismiss. In response to a request by appellants for additional time to prepare, the court continued the proceedings until the next day.

When the hearing reconvened on May 13, appellants filed a supplement to their motion to dismiss and again noted their objection to proceeding by affidavit only. The court summarily denied the motion to dismiss and reiterated its previous ruling that the proceedings would be by affidavit only. During these proceedings on May 13 all parties submitted their testimony by affidavit, and the court took the matter under advisement, allowing the parties one additional day for the submission of counter affidavits.

On May 16, 1969, the district court issued a preliminary injunction by which the appellants were

"enjoined and restrained from obstructing and preventing or attempting to obstruct and prevent, the attendance in classes of students and faculty members by inducement, encouragement, assistance, intimidation, or other activities which seek to dissuade students and faculty members from attending classes, or seeks [sic] to disrupt in any way, the operation of the Mobile County Public School System."

This injunction was not accompanied by any findings of fact or conclusions of law.

After the issuance of the injunction appellants filed a motion in the district court requesting a stay of the injunction. This motion was denied by the district court. Appellants then sought from this court a stay of the injunction pending appeal. On May 22, 1969, this court issued an order granting the stay "except as to picketing activity on school property." Appellants now seek complete dissolution of the injunction; the school board seeks to uphold the full sweep of the injunction as originally issued by the district court.

In their attack on the injunction appellants raise several issues concerning the constitutionality of the injunction and the procedural fairness of the proceedings below. We are unable to decide these issues because of the incomplete and inconclusive state of the record. Since the trial court failed to give us the benefit of findings of fact and conclusions of law, we have before us only the numerous affidavits introduced by the parties.

██ In failing to make findings and conclusions the trial court violated Rule 52(a) of the Federal Rules of Civil Procedure. Rule 52(a) provides in pertinent part that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, * * * and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action." It is well established that a district court issuing a preliminary injunction must comply with the provisions of this rule. Carey v. Carter, 1965, 120 U.S.App.D.C. 182, 344 F.2d 567; Chas. Pfizer & Co. v. Zenith Laboratories, Inc., 3 Cir. 1964, 339 F.2d 429; Carpenters' District Council v. Cicci, 6 Cir. 1958, 261 F.2d 5; Bowles v. Russell Packing Co., 7 Cir. 1944, 140 F. 2d 354; 2B Barron & Holtzoff, Federal Practice and Procedure § 1126 (1961). In the words of the Supreme Court, a full and fair compliance with Rule 52(a) "is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction." Mayo v. Lakeland Highlands Canning Co., 1940, 309 U.S. 310, 316, 60 S.Ct. 517, 520, 84 L.Ed. 774, 779; see Featherstone v. Barash, 10 Cir. 1965, 345 F.2d 246, 249–250. Consequently, "[w]here the trial court fails to make findings, or to find on a material issue, and an appeal is taken, the appellate court will normally vacate the judgment and remand the action for appropriate findings to be made." 5 Moore's Federal Practice ¶ 52.06[2], at 2718 (2d ed. 1969); see, e. g., Chas. Pfizer & Co. v. Zenith Laboratories, Inc., *supra*.

We recognize that compliance with Rule 52(a) is not a *jurisdictional* requirement for appeal; an appellate court may decide the merits of an appeal in the absence of fact findings in the rare case in which "a full understanding of the issues [can] be reached without the aid of findings." Urbain v. Knapp Brothers Manufacturing Co., 6 Cir. 1954, 217 F.2d 810, 816, cert. denied, 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260; *accord*, Huard-Steinheiser, Inc. v. Henry, 6 Cir. 1960, 280 F.2d 79, 84; Featherstone v. Barash, *supra*, 345 F.2d at 250–251; Hurwitz v. Hurwitz, 1943, 78 U.S. App.D.C. 66, 136 F.2d 796, 799, 148 A. L.R. 226; see Mongiello Bros. Coal Corp. v. Houghtaling Properties, Inc., 5 Cir. 1962, 309 F.2d 925, 929–930. We state most emphatically, however, that the present case is *not* one of those unusual cases in which the absence of fact findings can be overlooked by the appellate court. In this case we cannot possibly reach "a full understanding of the issues" in the absence of findings by the trial court.

It is an understatement to say that the facts in this case are hotly disputed. The parties by their affidavits present sharply different versions of the factual context in which the injunction was issued. On the basis of these conflicting affidavits it is utterly impossible to ascertain in more than the most general way such basic factual data as the nature of the demonstrations which led to the issuance of the injunction, the role played by the appellants in these demonstrations, and the effect of these demonstrations on the school system. The un-illuminating state of the present record totally precludes meaningful appellate review of the issues presented by the issuance of the district court's injunctive order.

The order of the district court granting the preliminary injunction is vacated, and the cause is remanded.