**CHEMLAWN SERVICES CORPORA-TION and CL Licensing Corporation, Plaintiffs-Appellees,**

v.

**GNC PUMPS, INC. and Gary R. Palmer, Defendants-Appellants.**

**87-1093.**

United States Court of Appeals, Federal Circuit.

July 2, 1987.

Donald H. Fidler, Fidler and Associates, P.C., Houston, Tex., argued for defendants-appellants.

Thomas W. Flynn, Biebel, French & Nauman, Dayton, Ohio, argued for plaintiffs-appellees. Also on the brief was Stephen H. Cagle, Arnold, White & Durkee, Houston, Tex.

Before FRIEDMAN and DAVIS, Circuit Judges, and NICHOLS, Senior Circuit Judge.

DAVIS, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of Texas, Houston Division (Bue, J.), granting Chemlawn Services Corporation's and CL Licensing Corporation's (Chemlawn's or appellees') motion for a preliminary injunction prohibiting GNC Pumps, Inc. and Gary R. Palmer (GNC or appellants) from selling or otherwise distributing appellants' Mag-P spray guns. We reverse the preliminary injunction on the grounds that it was not properly supported by findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a), and that it failed to require a security bond as required by Fed.R.Civ.P. 65(c).

## I.

The relevant facts are uncontroverted for the purposes of this appeal. Chemlawn and GNC have been engaged in the manufacture and distribution of plastic spray guns used in the lawn care and gardening industry. On April 24, 1986, Chemlawn filed a complaint against GNC alleging infringement of its U.S. Letters Patent 4,083,497 and U.S. Design Patent 238,671; unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and common law unfair competition. Chemlawn sought damages and injunctive relief against appellant GNC for distributing GNC's Mag-P plastic spray gun which allegedly violated the protected product configuration of Chemlawn's own spray gun.[1] On June 4, 1986, Chemlawn moved for a preliminary injunction against GNC, pursuant to § 43(a) of the Lanham Act, and a hearing was held on October 9, 1986. At the conclusion of the hearing, the District Court orally granted Chemlawn's request for injunctive relief and instructed the parties to submit proposed findings of fact and conclusions of law to the court by October 24, 1986. Both parties complied with this request: Chemlawn proffered proposed findings of fact and conclusions of law on October 17, 1986 and GNC made a response to Chemlawn's submission on October 24, 1986. On November 14, 1986, the court granted Chemlawn's request for a temporary restraining order (TRO) pursuant to alleged violations by GNC of the October 9, 1986 preliminary injunction issued from the bench. In issuing the TRO, the District Court stated that its October 9, 1986 grant of a preliminary injunction remained in full force and effect and prohibited GNC from further "offering or selling or otherwise distributing a spray gun identified as [GNC's] Mag-P spray gun." No findings of fact and conclusions of law were issued at that time, nor was a security bond required as mandated by Rule 65(c) of the Federal Rules of Civil Procedure.

On November 18, 1986, GNC filed a notice of appeal to the Court of Appeals for the Federal Circuit. Also in November, 1986, GNC petitioned this court pursuant to Fed.R.App.P. 8(a) for a stay of the District Court's preliminary injunction. At that time this court advised GNC that, under Rule 8(a), a motion for stay should properly be made first in the District Court. GNC then petitioned the District Court for a stay of the preliminary injunction on November 20, 1986.

On December 11, 1986, the District Court issued an order requiring Chemlawn and GNC to submit additional findings of fact and conclusions of law within ten days. The court stated that the parties had inadequately addressed the propriety of granting Chemlawn's motion for preliminary injunction and had failed to address satisfactorily the issues of distinctiveness and secondary meaning within the context of trade dress infringement. It was not until February 3, 1987, some two-and-one-half months after the written TRO and preliminary injunction issued and two-and-one-half months after GNC filed a notice of appeal with this court, that the District Court finally issued its findings of fact and conclusions of law purportedly supporting its October 9, 1986 oral preliminary injunction and its November 14, 1986 TRO/preliminary injunction. 652 F.Supp. 1382, 2 USPQ2d 1416 (S.D.Tex 1987). The judge also directed Chemlawn to post a security bond as required by Fed.R.Civ.P. 65(c).

On February 5, 1987, GNC once again petitioned this court for a stay of the preliminary injunction under Rule 8(a) on the basis that the District Court had taken appellants' motion "under advisement" since November 20, 1986 and it was no longer practicable to pursue relief in the District Court.

In an unpublished order filed March 11, 1987, this court recognized that it was no longer practicable for GNC to seek relief from the District Court in light of the two-and-one-half month delay on appel-

---

1. In June 1986 GNC moved to dismiss two counts of the complaint on the grounds of indefiniteness, functionality, and lack of likelihood of confusion. The District Court has not acted on this motion.

lants' District Court motion for stay. In addition, we acknowledged GNC's likelihood of success on appeal in view of the District Court's procedural deficiencies and we therefore granted GNC's motion for stay of the preliminary injunction. *See, e.g., Atlas Powder Co. v. Ireco Chems.*, 773 F.2d 1230, 1233–34, 227 USPQ 289, 291–93 (Fed.Cir.1985) (moving party has burden of showing likelihood of success on the merits). This court recognized that the District Court's findings of fact had been belatedly entered but left to the merits panel to determine whether those findings should be reviewed on appeal.

## II.

The District Court's actions in this case are flawed in two respects. First, the court failed to issue findings of fact and conclusions of law with its preliminary injunction as required by Rule 52(a). Second, the court attempted to cure that error at a time when it no longer had jurisdiction over the case because GNC had already filed an appeal to this court.

Rule 52(a) [2] expressly requires that a preliminary injunction be accompanied by findings of fact and conclusions of law. In this instance, the judge failed to enter such findings of fact and conclusions of law until February 3, 1987, some five months after his initial grant (from the bench) of a preliminary injunction in favor of Chemlawn and two-and-one-half months after he issued a written preliminary injunction and TRO.

The issues of law before us are procedural and we therefore defer to the law of the

Fifth Circuit regarding preliminary injunctions. *Panduit Corp. v. All States Plastic Mfg. Co., Inc.*, 744 F.2d 1564, 1572–75, 223 USPQ 465, 469–72 (Fed.Cir.1984); *Power Controls Corp. v. Hybrinetics, Inc.*, 806 F.2d 234, 237, 231 USPQ 774, 776 (Fed.Cir. 1986). In *Davis v. United States*, 422 F.2d 1139 (5th Cir.1970), that court of appeals was faced with the proper adjudication in a case involving a preliminary injunction entered by the District Court but unsupported by findings of fact and conclusions of law. The court adopted the language of *Mayo v. Lakeland Highlands Canning Co.*, 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774 (1940), stating that "full and fair compliance with Rule 52(a) 'is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction.'" *Davis, supra*, 422 F.2d at 1141 (quoting *Mayo, supra*, 309 U.S. at 316, 60 S.Ct. at 520). In *Davis*, the court went on to say that, in the absence of findings of fact, a circuit court, on appeal, normally will vacate the District Court's preliminary injunction and remand the case for appropriate findings. *Davis, supra*, 422 F.2d at 1141.[3]

That the District Court eventually and belatedly entered findings of fact and conclusions of law on February 3, 1987 [4] did not cure the defect of failing to do so at the time the preliminary injunction first issued and cannot retroactively legitimate that injunction. In *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317 (5th Cir.1985), for example, a District Court's order supplementing judgment was held void by the

---

**2.** Rule 52(a) states in pertinent part:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereupon, ... and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its actions.

**3.** *Davis* recognized, however, that Rule 52(a) was not jurisdictional and that the circuit court could, in its discretion, decide the merits of an appeal in unusual circumstances where the appellate court could reach a full understanding of the situation absent findings of fact. *Davis,*

*supra*, 422 F.2d at 1142. In light of the complexity of the current case, this is not one of those "unusual" cases where we can reach the merits of the case without proper findings of fact. Those findings of fact, which the District Court filed belatedly, do not now help us in light of the changed circumstances brought about by the stay of the injunction. It is possible, for example, although we do not rule on it here, that the issue may be moot if appellants have distributed or sold their entire stock of Mag-P spray guns.

**4.** 652 F.Supp. 1382, 2 USPQ2d 1416 (S.D.Tex 1987).

Fifth Circuit after being entered 79 days beyond final judgment.

The Fifth Circuit approach is completely consistent with this court's decision in *Digital Equip. v. Emulex Corp.*, 805 F.2d 380, 231 USPQ 779 (Fed.Cir.1986). In that case we vacated a preliminary injunction where the District Court, *inter alia*, failed to "make findings of fact, and provide a statement of reasons as mandated by Rules 52 and 65 of the Federal Rules of Civil Procedure." *Id.* at 381, 231 USPQ at 780. We concluded that the District Court's failure to follow the procedural rule rendered the merits of the appeal unreviewable. *Id.* at 383, 231 USPQ at 781–82.

The District Court's delay in entering its findings of fact and conclusions of law is defective for another reason. By delaying until February 3, 1987, the court attempted to act at a time when it no longer had jurisdiction over the case because GNC had already filed a notice of appeal to this court. A Fifth Circuit case, *Taylor v. Sterrett*, 640 F.2d 663, 607 (5th Cir.1981), is instructive. There, the court held that, on interlocutory orders, a notice of appeal divests the District Court of jurisdiction over all matters involved in the appeal. In those circumstances, the District Court may proceed *only* with matters not involved with the appeal. *See also* 9 Moore's Federal Practice ¶ 203.11, at 3–44 (2d ed. 1987). In this instance, the District Court clearly lost jurisdiction on November 18, 1986 when GNC filed a notice of appeal to this court. It could not properly issue findings of fact on or after that date and this court cannot properly consider them.

Appellants ask that nevertheless we consider this appeal on the merits as a matter of judicial economy. While we sympathize with appellants and concede that the District Court's delay in this case has been a serious inconvenience to both parties, we simply cannot decide the merits based on the record before us. As explained *supra*, the findings of fact and conclusions of law

are improper because they were entered at a time when the District Court no longer had jurisdiction over the case. Furthermore, consideration of these illegitimate findings and conclusions would be contrary to Fifth Circuit law, to which we defer in this instance. *See Beliz v. W.H. McLeod & Sons Packing Co., supra*, 765 F.2d at 1325. It would be improper to accept, in the name of economy of judicial resources, these invalid determinations; other district courts might well be encouraged to circumvent the requirements of Rule 52(a) and enter preliminary injunctions without supporting findings of fact and conclusions at law. Also, the facts may now have changed in light of the present circumstances; GNC has been successful in obtaining a stay of the preliminary injunction and its subsequent commercial activity, if any, may have altered the facts. *See supra* note 3. Because we do not have before us a proper record on which to conduct an adequate appellate review on the merits of this case, the action must be remanded for further proceedings.[5] *See Digital, supra*, 805 F.2d at 383, 231 USPQ at 782. Our reversal of the grant of the preliminary injunction is without prejudice to consideration of another application for such relief if appropriate.

REVERSED AND REMANDED.

---

**5.** Appellants say that the case can be disposed of, at least partially, if their motion to dismiss (*see supra* note 1) is acted upon. We think that, on remand, the District Court should take action on that motion, regardless of whether the court's decision on that application will dispose of all or any part of this litigation.