Harold BECK, Paul H. Nielsen, Ken Bryant, A.J. Morales, Pete Prevas, Guy Chadbourne, Florin Dente, John Hayes, James N. Haverfield, individually and on behalf of all others similarly situated, Peter McGuire, on behalf of themselves and all others similarly situated, Plaintiffs,

Andrew Cullen, George Bomareto and Lynn Martin, Secretary of the U.S. Department of Labor, Plaintiffs–Appellees,

v.

Walter LEVERING, Allen C. Scott, Robert Lowen, Lloyd M. Martin, Francis E. Kyser, Robert Murphy, Esquire, James R. Hammer, Edmund Davis, Franklin K. Riley, Anthony Naccarato, Michael Swayne, Carmina J. Bracco, Henry Nereaux, Edward Morgan, David Boyle, Richard Evans, Allen Taylor, W. Brobst, MM & P Individual Retirement Plan, MM & P Pension Plan, Defendants,

Andrew A. Levy, Tower Asset Management, Inc., Tower Capitol Corporation, Tower Securities, Inc., William Randolph Wheeler and Samuel Kovnat, Defendants–Appellants.

No. 379, Docket 91–6174.

United States Court of Appeals,
Second Circuit.

Argued Oct. 21, 1991.

Decided Oct. 22, 1991.

Andrew A. Levy, New York City, pro se, and for Tower Capitol Corp., Tower Asset Management, Inc. and Tower Securities, Inc.

William Randolph Wheeler, New York City, pro se.

Samuel Kovnat, North Stonington, Conn., pro se.

Elizabeth A. Goodman, Plan Benefits Sec. Div. (David Fortney, Deputy Sol. of National Operations, U.S. Dept. of Labor, Plan Benefits Sec. Div., Marc I. Machiz, Associate Sol., Karen L. Handorf, Counsel for Decentralized and Sp. Litigation, Jeff Sacher, Counsel for General Litigation, Washington, D.C., David S. Preminger, Liaison Counsel for Private Plaintiffs, New York City, of counsel), for plaintiffs-appellees Brock and Cullen, et al.

Before TIMBERS, WINTER and WALKER, Circuit Judges.

PER CURIAM:

Appellants Andrew Levy, Tower Asset Management, Inc., Tower Securities, Inc., Samuel Kovnat and William R. Wheeler (collectively "Tower"), appeal from Judge Broderick's order, entered on a partial summary judgment motion and permanently barring appellants from acting as fiduciaries or providing services to ERISA plans and granting restitution. Because the order was properly based on the collateral estoppel effect of a previous decision in a related action, we affirm.

In 1985, the Trustees of the Masters, Mates and Pilots' Individual Retirement Account Plan and Pension Plans (the "Plans") sued Tower Asset Management and its principal managers, including the individual appellants, for self-dealing and breach of their fiduciary obligations in violation of Sections 406(b)(1) and (3), 29 U.S.C. §§ 1106(b)(1) and (3) (1988). Judge Broderick entered summary judgment for

the plaintiffs. *Lowen v. Tower Asset Management, Inc.*, 653 F.Supp. 1542 (S.D.N.Y.1987). We affirmed, noting that the uncontradicted evidence was that defendants "caus[ed] the investment of approximately $30 million of the Plans' assets in companies in which one or more of the defendants owned an interest and/or from which one or more defendants received fees or other consideration. The investments caused the Plans to lose more than $20 million." *Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209, 1212 (2d Cir.1987). Familiarity with our prior decision is assumed.

The participants and beneficiaries of the Plans also filed several actions against appellants. These were consolidated before Judge Broderick, who certified a class action. Simultaneously, the Secretary of Labor filed the present action against appellants. The Secretary's action relied on the same evidence detailed in *Lowen* and was consolidated with the other actions. Judge Broderick granted plaintiffs' motion for summary judgment based on the collateral estoppel effect of the factual and legal findings of *Lowen*.

Appellants, who invoked the privilege against self-incrimination during the *Lowen* proceedings and successfully avoided prosecution until the statute of limitations had run, now boldly contend that the district court erred in barring them from performing any future services for ERISA pension plans. The fact that they now appear before this court without remorse, with a kitbag of transparent excuses and frivolous legal contentions, demonstrates for us the wisdom of Judge Broderick's ruling.

■ ERISA prohibits certain transactions because they inherently compromise the duty of trust that is imposed upon a fiduciary. 29 U.S.C. § 1106 (1988). When a duty of loyalty is violated by a fiduciary, the statute provides for penalties to be assessed against that person. 29 U.S.C. § 1109 (1988). Although section 1109 enumerates a variety of penalties, we are free to fashion other remedies, including those developed under the law of trusts, tailored to the special nature of employee benefit plans. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110–11, 109 S.Ct. 948, 953–54, 103 L.Ed.2d 80 (1989).

■ Although we have never ruled that permanent injunctions are available as a remedy under ERISA, it is self-evident that such a remedy may be appropriate where individuals participate in the kind of egregious self-dealing proved in *Lowen*. Congress intended to make the full range of equitable remedies available. "ERISA's legislative history confirms that the Act's fiduciary responsibility provisions, 29 U.S.C. §§ 1101–1104, 'codif[y] and mak[e] applicable to [ERISA] fiduciaries certain principles developed in the evolution of the law of trusts." *Id.* at 110, 109 S.Ct. at 954 (quoting H.R.Rep. No. 533, 93d Cong., 2d Sess. 11 (1974), *reprinted in* 1974 U.S.C.C.A.N. 4639, 4649). Permanent injunctions are among the remedies available under the law of trusts. To deny the power in federal courts to issue permanent injunctions would, therefore, fly in the face of both precedent, Congressional intent, and common sense.

■ Appellants contend that concrete proof of future wrongdoing is required before a permanent injunction may be granted. We reject the argument that ERISA fiduciaries and their associates must be allowed to loot a second pension plan before an injunction may be issued. ERISA imposes a high standard on fiduciaries, and serious misconduct that violates statutory obligations is sufficient grounds for a permanent injunction. In the context of securities fraud, we have held that a permanent injunction may be warranted based on the nature of defendants' violations of the securities laws. *SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1102 (2d Cir. 1972). The violations of ERISA set out in *Lowen* were neither technical nor isolated. The defendants, appellants here, had done precisely what the statute expressly forbids and in a massive way.

■ Appellants contend that Fed. R.Civ.P. 65 requires that an evidentiary hearing be held in order to issue a perma-

nent injunction. However, Rule 65 requires hearings for preliminary injunctions, not permanent injunctions. Moreover, we have held that "even in suits for injunctive relief, the district courts should not hesitate to grant a plaintiff's request for summary judgment when the defendant has failed to meet the requirements prescribed by Rule 56(e)." *SEC v. Research Automation Corp.*, 585 F.2d 31, 33–34 (2d Cir. 1978). Had a material fact been in dispute, then a hearing should have been granted. However, plaintiffs' suit is based on the record that was established in *Lowen*, and there are no material facts at issue.

■ Appellants next contend that the court erred in applying the offensive collateral estoppel doctrine. This claim is also without merit. The doctrine of collateral estoppel prevents previously litigated issues from being relitigated, thereby producing finality in judgments. *See Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir.1986). In *Gelb*, this court established a four-part test to determine if the doctrine of collateral estoppel applies:

(1) the issues in both proceedings must be identical, (2) the issue in the prior proceedings must have been actually litigated and actually decided, (3) there must have been full and fair opportunity for the litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

*Id.* The district court correctly concluded that the plaintiffs had met each of the legs of the test. This suit involves the same transactions at issue in *Lowen*. The violation of Section 406 of ERISA for self-dealing transactions was the subject of the summary judgment in the prior case. Appellants in this case had a full and fair opportunity to litigate the issue both at the trial level and on review by this court in *Lowen*. Finally, the violation of 29 U.S.C. § 1106 was litigated, and the prior determination supports the present judgment on the merits.

■ Finally, appellants contend that the doctrine of *res judicata* prohibits the Secretary of Labor and the private plaintiffs

from recovering monetary relief that duplicates the relief granted in the prior action. Again the argument is frivolous. Application of *res judicata* in these circumstances is designed to prevent double recoveries. However, the judgment here is concurrent, and appellants are not subject to double recovery because the judgment merely decreases the amounts recouped by the Plans by the sums recovered by the private plaintiffs. This ensures some recovery for the Plans in the event that the trustees are incapable or unwilling to secure recovery for them. In some instances, the trustees may be faced with potential liability and their interest in absolving themselves may conflict with the private litigants' interest in fair adjudication of the issues and full recovery. Because of the possibility that the trustees will not act, 29 U.S.C. § 1132(a) (1988) authorizes the Secretary of Labor to bring suit concurrently with private plaintiffs to recover appropriate damages. The judgment in the instant case fulfills that statutory purpose.

For the reasons stated above, the judgment of the district court is affirmed.