979 F.2d 215
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
OVATION COMMUNICATIONS, INC., Plaintiff-Appellee,
v.
RBM, LTD., Defendant-Appellant.
 No. 92-1382.
 United States Court of Appeals, Federal Circuit.
 July 21, 1992.
 
 Before NIES, Chief Judge, and PLAGER and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 ON MOTION
 
 1
 In a letter, RBM, Ltd. requests that the court vacate the preliminary injunction entered by the United States District Court for the Central District of California on May 19, 1992. Ovation Communications, Inc. opposes the substance and the form of the request. RBM submits a letter in reply.*
 
 
 2
 On May 13, 1992, this court vacated the district court's first preliminary injunction order because it was not supported by findings of fact or conclusions of law. The order instructed that a "[a]ny injunction issued in the future should be supported by findings and conclusions."
 
 
 3
 On May 19, the district court entered a second preliminary injunction, again without findings or conclusions. On May 22, 1992, RBM appealed. On June 12, 1992, the district court issued findings and conclusions in support of the May 19 injunction.
 
 
 4
 RBM, relying on Hybritech, Inc. v. Abbott Laboratories, 849 F.2d 1446 (Fed.Cir.1988), argues that the district court had no jurisdiction to enter the belated findings and conclusions after RBM filed its notice of appeal. In contrast, Ovation argues that Hybritech and Ninth Circuit cases support its position that the district court retained jurisdiction.
 
 
 5
 In Hybritech, the district court issued oral findings and conclusions that clearly were not intended to constitute the formal findings and conclusions. A few weeks later, the injunction order was issued, but was stayed by the district court pending appeal. About 30 days later, Abbott appealed. Four days thereafter, the district court entered its written findings and conclusions. This court looked to Ninth Circuit law and concluded that the notice of appeal did not divest the district court of jurisdiction to subsequently enter findings and conclusions. This court distinguished other cases that conformed to the general rule on the ground that the district court had issued oral findings and conclusions and expressly stated that they would be reduced to writing. Also in Hybritech, the written findings and conclusions were issued four days after the notice of appeal was filed.
 
 
 6
 Ovation also relies on Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730 (9th Cir.1988). In Kern, the district court signed findings and conclusions and signed a judgment on October 10, 1986. The judgment was entered on November 5. Tenneco appealed on November 21 and the findings and conclusions were entered three days later. The Ninth Circuit adopted a practical approach noting that vacating the judgment would result in needless paper shuffling and delay.
 
 
 7
 The case at hand does not readily fit into the pattern of and is not controlled by Hybritech or Kern. First, Kern did not involve the appeal of an injunction. Further, in those cases the district courts made findings and conclusions before entry of the injunction or the judgment, but the findings and conclusions were not issued until a few days after the filing of the notices of appeal. This case, however, involves the vacatur of the first injunction for failure to issue findings and conclusions. The district court was directed on remand to issue findings and conclusions in conjunction with any future injunction. Nonetheless, findings and conclusions were not issued simultaneously with the second injunction.
 
 
 8
 Fed.R.Civ.P. 52(a) expressly requires that a preliminary injunction be accompanied by findings and conclusions. Moreover, it is the general rule that the filing of a notice of appeal divests the district court of jurisdiction. Kern, 840 F.2d at 734. In this case, there are no circumstances, like those in Kern or Hybritech, that would warrant deviating from the general rule. Nor will we permit the appeal to go forward on the basis of judicial economy. See, e.g., Chemlawn Services Corp. v. GNC Pumps Inc., 823 F.2d 515, 518 (Fed.Cir.1987). "It would be improper to accept, in the name of economy of judicial resources, these invalid determinations; other district courts might well be encouraged to circumvent the requirements of Rule 52(b) and enter preliminary injunctions without supporting findings of fact and conclusions of law." Chemlawn, 823 F.2d at 518.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) RBM's motion to vacate the preliminary injunction is granted.
 
 
 11
 (2) The case is remanded to the district court. Any future injunction that is entered must be supported by findings and conclusions that are entered simultaneously therewith.
 
 
 12
 (3) The filing fee is waived for any future RBM appeal of a preliminary injunction. See Fed.R.App.P. 4.
 
 
 
 *
 We note that RBM failed to follow the Federal Rules of Appellate Procedure or the rules of this court by filing its "motion" in the form of a letter. Fed.R.App.P. 27(a): Fed.Cir.R. 27. Further, a reply to a response is not contemplated by the rules. Fed.R.App.P. 27