DISSENT
CLAY, Circuit Judge,
dissenting.
The bankruptcy court’s nunc pro tunc conversion order constituted a clear attempt to avoid the effect of this Court’s invalidation of the bankruptcy court’s earlier order converting the case from Chapter 11 to Chapter 7. Because I conclude that the bankruptcy court’s actions violated this Court’s mandate, I respectfully dissent from the majority’s conclusion that the bankruptcy court’s nunc pro tunc conversion order was proper.
On February 9, 2004, the bankruptcy court sua sponte converted the Chapter 11 proceedings to a Chapter 7 liquidation. Frank Mitán, a creditor in the bankruptcy proceedings, appealed the order, arguing that the bankruptcy court failed to provide notice as required by Rule 2002(a) of the Federal Rules of Bankruptcy Procedure. This Court reversed the bankruptcy court’s conversion order “[bjecause the bankruptcy court erred in converting the case to a Chapter 7 liquidation without giving Frank Mitan notice.... ” Mitan v. Duval (In re Mitan), 178 Fed.Appx. 503, 504 (6th Cir.2006). As a result of the deficiency in notice, this Court “remand[ed] the case for further proceedings consistent with [its] decision.” Id. at 509.
On remand, the bankruptcy court informed the parties that it was considering converting the case from Chapter 11 to Chapter 7, with retroactive effect as to the original date of conversion. After receiving briefing from the parties and holding a hearing, the bankruptcy court entered an order converting the case nunc pro tunc effective February 9, 2004.[1] In the same *249 order, the bankruptcy court ordered that “[a]ll of the court’s proceedings, orders and judgments entered after February 9, 2004 remain in full force and effect” (J.A. 68), thus reinstating the orders that had been rendered void as a result of this Court’s judgment. The practical effect of the bankruptcy court’s orders was to avoid the consequences of its previous violation of Rule 2002(a)’s notice requirement and the consequent reversal of its original conversion order by this Court.
Accordingly, the bankruptcy court failed to “proceed in accordance with the mandate” of this Court, as it was required to do. Allard Enters., Inc. v. Advanced Programming Res., Inc., 249 F.3d 564, 570 (6th Cir.2001). As this Court has made clear, a lower court “must implement both the letter and spirit of the mandate, taking into account the appellate court’s opinion and the circumstances it embraces.” Id. (internal quotation marks omitted). The bankruptcy court engaged in procedural maneuvering to avoid the effect of its failure to provide Frank Mitán with notice prior to converting the case from a Chapter 11 proceeding to a Chapter 7 proceeding. While the bankruptcy court provided notice in accordance with Rule 2002(a) pri- or to the October 2006 conversion hearing, its actions on remand nonetheless violated this Court’s mandate. In doing so, the bankruptcy court reinstated its conversion order and the orders issued in the Chapter 7 case to enable it to proceed as if this Court had never reversed the bankruptcy court’s prior conversion order.
Despite the bankruptcy court’s disregard of this Court’s decision, the majority concludes that there was nothing improper about the bankruptcy court’s action because “we regularly affirm sentences imposed by district courts upon remand that are exactly the same as those we have reversed previously because of procedural error.” (Majority Op. at 242.) However, the purpose of correcting a procedural error, such as failing to adequately explain the sentence imposed, is “ ‘to allow for meaningful appellate review.’ ” E.g., United States v. Bolds, 511 F.3d 568, 580 (6th Cir.2007) (quoting Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). In resentencing a defendant under such circumstances, the district court fulfills the purpose of the remand by explaining its sentence to permit the appellate court to review the sentence imposed, and thus complies with the appellate court’s mandate. Correcting a procedural error, such as providing a more thorough explanation for a sentence or treating the Guidelines as advisory rather than mandatory, might not change the defendant’s ultimate sentence. However, in the sentencing context, the fact that the district court enters the same sentence does not violate the mandate of this Court because the problem was that the district court failed to provide a basis for appellate review of the sentence imposed.
In contrast, under the circumstances of this case, a prior panel of this Court determined that the bankruptcy court acted improperly in entering the conversion order on February 9, 2004, inasmuch as the bankruptcy court failed to provide Frank Mitán with the required notice prior to *250 converting the case. Nonetheless, on remand, the bankruptcy court entered the same order, effective the same day as its invalidated conversion order. While a bankruptcy court possesses significant discretion as a court of equity,[2] it is improper for the bankruptcy court, under the circumstances of this case and taking into account this Court’s mandate, to attempt to cure its deficient notice after the fact in this fashion. See Chase Auto. Fin., Inc. v. Kinion (In re Kinion), 207 F.3d 751, 757 (5th Cir.2000) (concluding that the bankruptcy court never provided notice of the hearing regarding the challenge to the party’s lien, and the “court’s allowance of thirty days to file a motion for reconsideration cannot substitute for the before-the-fact protection of creditors’ interests embodied in the adversary rules”); cf. Chemlawn Servs. Corp. v. GNC Pumps, Inc., 823 F.2d 515, 517 (Fed.Cir.1987) (“That the District Court eventually and belatedly entered finding of fact and conclusions of law ... did not cure the defect of failing to do so at the time the preliminary injunction first issued and cannot retroactively legitimate that injunction.” (footnote omitted)).[3]
To support its conclusion that the bankruptcy court did not violate this Court’s mandate, the majority engages in a rewriting of this Court’s 2006 decision reversing the conversion order. The majority concludes that “[o]ne cannot fairly construe ... our prior opinion as foreclosing the *251 bankruptcy court’s ability to enter a conversion order on remand.” (Majority Op. at 242.) While this may be literally true, the readily discernable intent of this Court’s mandate indicates that this Court considered the February 9, 2004 order invalid due to lack of notice, making reinstatement of that same order, effective the same day, improper. Further, although this Court observed that the bankruptcy court might hold a hearing to evaluate the creditors’ claims that Frank and Kenneth Mitán were abusing the bankruptcy process and determine whether sanctions would be appropriate, such an observation does not provide authority, as the majority appears to suggest, for the bankruptcy court to reinstate its invalidated conversion order.
Because the bankruptcy court’s actions on remand in this case failed to comply with this Court’s mandate and appear to constitute an effort to evade compliance with this Court’s instructions, I would reverse the decision of the district court upholding the bankruptcy court’s entry of the nunc pro tunc order in this case. I therefore respectfully dissent.

. Literally meaning "now for then,” the concept of nunc pro tunc "refers to situations in which the court’s records do not accurately reflect its actions” and must be corrected. In re Singson, 41 F.3d 316, 318 (7th Cir.1994) (citations omitted). In this case, the bankruptcy court’s use of the nunc pro tunc order went far beyond correcting an omission or error in the record. The order converted a case from Chapter 11 to Chapter 7, effective two years prior to the date of the order, and also validated two years of bankruptcy pro *249 ceedings. "[T]he function of a nunc pro tunc entry is not, by a fiction, to antedate the actual performance of an act which never occurred, but is to make the record conform to that which was actually done at the time it was done.” In re Diamond Mortgage Corp., 77 B.R. 597, 600 (Bankr.E.D.Mich.1987). However, in this case, the bankruptcy court used the nunc pro tunc conversion order to “antedate the actual performance” of providing notice to Frank Mitán prior to converting the case in February of 2004, something which never occurred. Accordingly, the use of nunc pro tunc in this case to cure deficient notice and circumvent the effect of this Court's prior order was improper.

. As other courts have recognized, despite the expansive nature of the bankruptcy court's equitable powers — including those granted under 11 U.S.C. § 105(a) — such authority " 'is the power to exercise equity in carrying out the provisions of the Bankruptcy Code’ not the broader power to invoke equity 'to further the purposes of the Code generally, or otherwise to do the right thing.’ ” In re Aquatic Dev. Group, Inc., 352 F.3d 671, 680 (2d Cir.2003) (Straub, J., concurring) (quoting In re Dairy Mart Convenience Stores, Inc., 351 F.3d 86, 91 (2d Cir.2003) (emphasis removed)).

. While the majority is correct that nothing in the Federal Circuit's opinion in Chemlawn prohibited the district court from entering a preliminary injunction on remand, the district court's action on remand is not the relevant district court action for purposes of this case. Instead, it is the district court’s attempt to “retroactively legitimate’’ an injunction that, at the time it was issued, failed to comply with Rule 52 of the Federal Rules of Civil Procedure. Chemlawn Servs. Corp., 823 F.2d at 517. Based on this deficiency, the Federal Circuit vacated the district court's preliminary injunction. See id. at 518. Thus, the "procedural error” requiring remand was the district court's attempt to cure the defect by retroactively issuing findings of facts and conclusions of law — it was not solely, as the majority suggests, the entry of those findings “after the appellant had already filed its notice of appeal.” (Majority Op. at 243 n. 2.) The majority also misrepresents the Fifth Circuit’s opinion in In re Kinion. First, the local rule that the court found problematic was unrelated to the issue of the notice that the creditor received. The court found that, contrary to the Bankruptcy Code, which "permits reaffirmations of unsecured as well as secured debt,” the local rule implied "that reaffirmations can only be approved for secured indebtedness.” In re Kinion, 207 F.3d at 755. Thus, the fact that no Bankruptcy Code provision or Bankruptcy Rule prohibits the bankruptcy court’s action in this case does not render In re Kinion inapposite. Moreover, although the court criticized the bankruptcy court for failing to grant the creditor’s motion for reconsideration “to correct the procedural errors that led to the unauthorized stripping of Chase's valid lien,” id. at 758, the court did not state that such a reconsideration hearing would necessarily “cure” the failure to provide notice. Instead, the failure to provide notice to the creditor that its lien was subject to challenge was only one of numerous procedural irregularities leading the court to find that the bankruptcy court abused its discretion. In fact, the court rejected the Kinions' argument on appeal that, "[ajlthough Chase had no prior notice that its lien could be avoided, any procedural defect arising from the lack of notice was allegedly cured by the ... order permitting Chase to move for reconsideration.” Id. at 754.