[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12576
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:90-cr-00389-CMA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 11, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Ramon Lopez, a federal prisoner, appeals the denial of his pro se motion for declaratory and injunctive relief, arising out of his efforts to prevent the government from garnishing the assets in his Inmate Trust Account in order to collect his criminal fines.[1]  On appeal, he argues, first, that the district court's order was inadequate under Federal Rule of Civil Procedure 52(a) because the court did not set forth the findings of fact and conclusions of law on which it based its decision.  Second, he argues that the district court violated his due process rights when it denied the motion without a hearing because there were material facts in dispute.

We review the denial of an injunction for abuse of discretion.  Common Cause/Georgia v. Billups, 554 F.3d 1340, 1349 (11th Cir. 2009).  We also review the denial of an evidentiary hearing for abuse of discretion.  Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc., 304 F.3d 1167, 1178 (11th Cir. 2002).  We review de novo whether a case is moot.  Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla., 382 F.3d 1276, 1282 (11th Cir. 2004).

## I. INJUNCTIONS

---

[1]	While Lopez titled his motion as one for both declaratory and injunctive relief, the motion did not discuss his alleged right to declaratory relief beyond asserting it.  Furthermore, his appellate brief does not indicate that he intends to appeal from the denial of declaratory relief. He makes no argument in relation to the issue, and cites no case law regarding it.  Even construing his brief liberally, he has abandoned the issue.  See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

"In an action tried on the facts without a jury," the court must "find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). This Rule encompasses both preliminary and permanent injunctions. See United States v. Rohm & Haas Co., 500 F.2d 167, 177 (5th Cir. 1974). However, these requirements are not jurisdictional, and we "may decide the merits of an appeal in the absence of fact findings in the rare case in which a full understanding of the issues can be reached without the aid of findings." Davis v. United States, 422 F.2d 1139, 1142 (5th Cir. 1970) (quotation and alteration omitted).

A district court may grant preliminary injunctive relief only if the moving party shows, among other things, that he is substantially likely to succeed on the merits. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). "For a permanent injunction, the standard is essentially the same [as for a preliminary injunction], except that the movant must establish actual success on the merits, as opposed to a likelihood of success." KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006).

Upon review of the record, we note that Lopez initially responded to the government's writ of garnishment on his Inmate Trust Account by moving to quash it. The district court denied that motion in January 2010, and Lopez has

never appealed that order. Many months later, after filing numerous motions, Lopez sought an injunction barring the government from seizing the same assets. The court denied the injunction, and Lopez appealed that order. If the motion for an injunction currently before us is liberally construed to seek, in part, a permanent injunction, then the district court did not abuse its discretion by denying it because the relief sought was barred by the January 2010 order that Lopez never appealed.[2]

If Lopez's motion for injunctive relief is construed, in part, as a motion for a preliminary injunction pending a final order on the underlying garnishment case, then it became moot when the district court entered a final order denying Lopez's motion to reconsider, which he does not challenge on appeal.[3] Therefore, the motion for injunctive relief is barred by the law of the case to the extent that it is construed as seeking a permanent injunction, and moot to the extent that it is construed as seeking a preliminary injunction.

## II. EVIDENTIARY HEARING

---

[2]     Generally, the law-of-the-case doctrine provides that "a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).

[3]     Even if we construe Lopez's notice of appeal to include the district court's denial of a motion for reconsideration, Lopez has abandoned the issue by not raising it in his brief.

Not every motion for injunctive relief requires an evidentiary hearing. Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988). This is particularly true where there is no disputed issue of material fact. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1312-1313 (11th Cir. 1998) (preliminary injunction); Beck v. Levering, 947 F.2d 639, 641-42 (2d Cir. 1991) (permanent injunction).

The district court did not abuse its discretion when it denied the injunction without an evidentiary hearing because a hearing is required only where the facts are "bitterly contested," which is not the case here. See McDonald's Corp., 147 F.3d at 1312-13. The case turned on questions of law: whether the district court could alter the time at which the fine was due in full, and whether the statute of limitations had run. In other words, there was no abuse of discretion in failing to hold a hearing because there were no "credibility determinations [that] must be made to decide whether injunctive relief should issue." Id. at 1312.

AFFIRMED IN PART and DISMISSED AS MOOT IN PART.[4]

---

[4] Lopez's request for oral argument is DENIED.