NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KRISTI C.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.R.,
*Appellees.*

No. 1 CA-JV 20-0072
FILED 6-25-2020

Appeal from the Superior Court in Maricopa County
No. JD532959
The Honorable David K. Udall, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Phoenix
By Suzanne Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Tom Jose
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

¶1        Kristi C. ("Mother") appeals the superior court's order adjudicating her daughter, Alisha, dependent. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In October 2019, 14-year-old Alisha was placed at Aurora Behavioral Health ("Aurora") for rehabilitation concerning behavioral issues. On November 8, 2019, after Aurora notified Alisha's parents that she had been discharged, her parents refused to pick her up, prompting a call to the Arizona Department of Child Safety ("DCS"). The following day, DCS served Mother, as the sole legal parent of Alisha, with a notice stating that it had taken custody of Alisha. The next week, DCS filed a dependency petition, alleging Alisha's parents' neglect and unwillingness to care for Alisha caused her to be a "dependent child" as defined under Arizona Revised Statutes ("A.R.S.") section 8-201(15)(a), and asked the court to make her a ward of the court and place her in DCS's custody. The court served Mother with notice of the dependency proceeding, which indicated that an attorney had been assigned to represent her in the matter.

¶3        In January 2020, Mother failed to attend a pretrial conference regarding the dependency petition. At the hearing, the court received a DCS report, found Alisha was a dependent child, and ordered her a ward of the court committed to the custody of DCS. The minute entry stated:

> THE COURT FINDS, pursuant to the Rules of Procedure for the Juvenile Court, that the allegations of the petition are true by a preponderance of the evidence and the child is dependent as to [Mother] as defined by the Arizona Revised Statutes.

**¶4** Thereafter, Mother filed a motion to clarify the court's order regarding Alisha's dependency. Mother requested the court make written findings under Arizona Rule of Procedure for the Juvenile Court ("Juvenile Rule") 55(E)(3), outlining the evidence it relied upon when making its determination so that she could assess any appealable issues. DCS filed a notice of no objection to Mother's motion. The court denied the motion summarily.

**¶5** Mother appealed, and we have jurisdiction under A.R.S. § 8-235(A) and Juvenile Rule 103(A).

## DISCUSSION

**¶6** On appeal, Mother argues that the court erred by failing to make sufficiently specific written findings under A.R.S. § 8-844(C)(1)(a)(ii) and Juvenile Rule 55(E)(3). DCS argues the court made sufficiently specific factual findings, and regardless, if an error occurred, it was harmless.

**¶7** DCS has the burden to prove a child is dependent under A.R.S. § 8-201(15)(a). A dependent child includes a child who is "[i]n need of proper and effective parental care and control and who has . . . no parent or guardian willing to exercise or capable of exercising such care and control"; and "[a] child whose home is unfit by reason of . . . neglect . . . by a parent." A.R.S. § 8-201(15)(a)(i), (iii). Even when a parent fails to appear at a dependency hearing, the court may not adjudicate the child dependent until it finds, based upon the record and evidence presented, that "the petitioner has proven grounds upon which to adjudicate the child dependent." Ariz. R.P. Juv. Ct. 55(D)(2). Then, "*[t]he court shall enter its findings and orders pursuant to subsection (E) of [Juvenile Rule 55].*" *Id.* (emphasis added); Ariz. R.P. Juv. Ct. 55(E)(3) ("All findings and orders shall be in the form of a signed order or contained in a minute entry. As to each parent, . . . the court shall: . . . [s]et forth specific findings of fact in support of a finding of dependency . . . ."); A.R.S. § 8-844(C)(1)(a)(ii) (the court must make a finding of the factual basis for the dependency if it "[f]inds by a preponderance of the evidence that the allegations contained in the petition are true").

**¶8** The requirement imposed on the juvenile court to make factual findings is not discretionary; it is a mandatory requirement in every dependency proceeding. *Francine C. v. DCS*, 1 CA-JV 19-0366, 2020 WL 3422523, at *3, ¶ 12 (Ariz. App. June 23, 2020). However, an appellate court does not necessarily have to reverse when the superior court fails to comply with the Juvenile Rules. *Id.* at *5, ¶ 20; *Monica C. v. ADES*, 211 Ariz. 89, 94,

¶ 22 (App. 2005). When a court fails to make or makes insufficient findings of fact and conclusions of law, a reviewing court "must tailor the proper remedy [for] each case." *Miller v. Bd. of Supervisors*, 175 Ariz. 296, 300 (1993); *Miller v. McAlister*, 151 Ariz. 435, 437 (App. 1986). This generally means the appellate court will remand for further findings, but it "may also decide an appeal without those findings if it is in a position to do so." *Miller*, 175 Ariz. at 300. For example, in the rare case that does not turn on contested facts, and the appellate court can fully understand the issues raised without findings, we may affirm without findings. *Id*. (citing *Davis v. United States*, 422 F.2d 1139, 1142 (5th Cir. 1970)). Stated differently, where the record is so clear that the appellate court does not need the aid of findings, a court may waive such defect on the ground that the error is not substantial in that case. *See City of Phoenix v. Consolidated Water Co.*, 101 Ariz. 43, 45 (1966); *Gilliland v. Rodriquez*, 77 Ariz. 163, 167-68 (1954) (unnecessary to make findings on undisputed matters). This is such a case.

**¶9** Here, DCS's petition alleged that: (1) Mother refused to pick up Alisha from Aurora after being notified Alisha had been discharged; and (2) the following day, DCS served Mother with a "Temporary Custody Notice" that stated DCS had taken custody of Alisha because Mother was "unable or unwilling to perform essential parental responsibilities and there [was] no other appropriate caretaker immediately available." The petition further alleged Mother neglected Alisha by failing to provide her with basic necessities. The court served Mother notice of the dependency proceeding, but she failed to attend**.** The uncontroverted evidence overwhelmingly supports the finding of dependency. Thus, the court's failure to detail its factual findings as required by Juvenile Rule 55(E)(3), while error, was harmless in this case.

## CONCLUSION

**¶10** We affirm the dependency order.



AMY M. WOOD • Clerk of the Court
FILED:     AA