# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2009

Charles R. Fulbruge III
Clerk

No.08-20718

ANTHONY G. PETRELLO

Plaintiff-Appellee

v.

RAHUL NATH; USHA NATH

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-1933

Before WIENER, GARZA, ELROD, Circuit Judges.

WIENER, Circuit Judge:[*]

Defendants-Appellants Dr. Rahul Nath and Usha Nath (singly and collectively, "Nath") appeal the grant of a preliminary injunction barring them from making any changes to the residence that they recently purchased from Matthew Prucka ("Prucka") in Houston, Texas for $8.3 million. Following an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

October 2008 hearing, the district court granted that injunction without findings of fact or conclusions of law. The injunction was granted in a suit that had been filed in state court by Plaintiff-Appellant Anthony Petrello ("Petrello") against Prucka for breach of contract and was later amended to add, *inter alia*, a federal housing discrimination claim relating to the sale of Prucka's Houston home ("the Home") to Nath. As the Home's purchaser, Nath subsequently intervened in the pending lawsuit and is now a defendant. Petrello claims that Prucka refused to sell the Home to him because Prucka did not want it to be altered to accommodate Petrello's disabled daughter. Petrello also claims that Nath conspired with Prucka to achieve that end after Nath had signed the purchase contract. Petrello sought the injunction to bar Nath from making any changes to the home during the lawsuit's pendency. After the injunction was granted, Nath appealed. We vacate the injunction and remand to the district court.

## I. FACTS AND PROCEEDINGS

Prucka owned the Home, which is located at 8 Remington Lane in Houston, Texas. Petrello, who lives at 10 Remington Lane, was Prucka's next-door neighbor. Petrello has a young daughter, Carena, who suffers from cerebral palsy and is severely disabled. Petrello maintains that he sought to buy the Home next-door to his own to provide Carena a place to live with her caretakers when she matured. When he discovered that Prucka was moving to Utah,

2

Petrello called Prucka and offered $6.5 million for the Home. Petrello asserts that, although Prucka declined the offer, he orally granted Petrello a right of first refusal on the Home (the "Right of Refusal Agreement"). Petrello alleges specifically that Prucka agreed to permit Petrello to meet or better any offer Prucka received. Prucka disputes this, asserting instead that he agreed only to keep Petrello informed so that he could make a equal of higher offer if he so chose.

Some time after Petrello's $6.5 million offer was declined, Prucka listed the property for $8.299 million. The listing agreement contained a statement that no person had a right of refusal to buy the property. Nath initially made a $7.6 million offer that contained some contingencies. Prucka declined that offer too, but he informed Petrello that an offer approaching the asking price had been made. In response, Petrello increased his offer to $8.2 million, which excluded a brokerage-fee and therefore would have netted Prucka more than a full-price offer from any third-party. Prucka then called Nath, who agreed to pay the full listed price of $8.299 million. Nath and Prucka signed a contract (the "Purchase Contract") on December 5, 2007 for the listed price, at which time Nath paid Prucka $75,000 in earnest money. It is undisputed that at the time the Purchase Contract was signed and the $75,000 was paid, Nath did not know Petrello and had no knowledge of his offer to Prucka.

3

Petrello allegedly contacted Nath two days after the Purchase Contract was signed, asking to buy the Home from him and otherwise attempting to convince Nath not to go through with the purchase. Being unable to buy the Home or interrupt its sale to Nath, Petrello sued Prucka in state court on December 11, 2007, advancing various state law claims, including breach of contract and unjust enrichment, for allegedly breaching the Right of Refusal Agreement. He also filed a notice of *lis pendens* against the Home in the Harris County, Texas, Clerk's office. Nath was not named in original complaint. Because of the pending lawsuit, Nath and Prucka signed a side agreement laying out how the parties would address the Petrello litigation and what would happen if Petrello prevailed. Nath closed on the Home on January 16, 2008.

Petrello initially sued only Prucka and sought only relief for state law causes of action. Eight days after his purchase of the Home in January, Nath intervened in the state court suit. In June, Petrello filed his Fourth Amended Complaint alleging federal claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and under 42 U.S.C. § 1985(3) and 28 U.S.C. § 1343. Almost immediately thereafter, the Defendant-Appellants removed the entire case to the U.S. District Court for the Southern District of Texas.[1]

---

[1] The record does not reflect that any party ever questioned federal jurisdiction. There is no question about the jurisdictional appropriateness of the district court adjudicating the federal law claims in this suit. And there is no question that we have federal jurisdiction over the matter

4

Petrello alleges, *inter alia*, that Prucka refused to sell the Home to him (Petrello) because Prucka did not want the home altered in any way, including any alterations necessary to accommodate Petrello's handicapped daughter. Petrello argues that this is so because Prucka did not want anyone to modify the home that he and his wife had worked hard to restore, and that Prucka found distasteful the idea of a handicapped girl moving into it. To this end, Petrello claims that Prucka violated both the FHA and the Right of Refusal Agreement, which Petrello insists is a binding oral contract.

Petrello asserts further that, after Nath signed the Purchase Contract for the Home, he then conspired with and assisted Prucka in discriminating against Carena. This alleged conspiracy and assistance are the sole bases for Petrello's

---

before us, namely the district court's grant of injunctive relief under FED. R. CIV. P. 52(a). However, our review of the record raises a serious question under 28 U.S.C. § 1367(a) whether federal supplemental jurisdiction over the plaintiff's state law claims is appropriate. First, it is not clear that the district court *automatically* takes jurisdiction over all state law claims under 28 U.S.C. § 1367(a) if the defendant who seeks removal under 28 U.S.C. § 1441 only does so under that authority and is otherwise silent as to the state law claims. Second, 28 U.S.C. § 1367(a) allows supplemental jurisdiction over related claims that form part of the "same case and controversy." If these claims are not so related to form part of the same constitutional case — and here it is not clear that Petrello's state law claims *are* so related — the district court may not take jurisdiction over them. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997). Because our jurisdiction over the instant appeal is proper, we need not examine federal jurisdiction over the state law claims in the first instance.

claims against Nath. Petrello also seeks rescission of the Purchase Contract on the ground that such relief is available because Nath is not a bona fide purchaser. Petrello claims that Nath cannot have purchased the Home in good faith because, when Nath closed on the Home, he knew of Petrello's interest in the property, the related lawsuit, and the *lis pendens*.

Petrello's Fifth Amended Complaint filed in July 2008 included a petition for injunctive relief. Following removal, the district court held an injunction hearing. After listening to the arguments of the parties, the court orally granted a preliminary injunction without stating any independent factual findings or any legal reasons for its ruling. Neither did the court issue a written order — other than a minute entry notation — memorializing reasons for granting the preliminary injunction. The injunction simply bars Nath from making "any improvements or major changes to the house pending trial."

Nath timely appealed the grant of the preliminary injunction.

## II. ANALYSIS

### A. Standard of Review

The grant of a preliminary injunction is immediately appealable. We have appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1),[2] and we review the

---

[2] *See, e.g.*, *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195 (5th Cir. 2003).

district court's grant of such an injunction for abuse of discretion.[3] We review any underlying findings of fact for clear error and review conclusions of law *de novo*.[4]

B. Applicable Law

The party seeking a preliminary injunction must demonstrate that (1) he has a substantial likelihood of success on the merits of his underlying claim, (2) there is a substantial threat that he will suffer irreparable injury if the injunction does not issue, (3) such injury outweighs any potential harm to the defendant, and (4) an injunction would not disserve the public interest.[5]

When granting a preliminary injunction, the district court "the court must similarly state the findings and conclusions that support its action. "[6] "Failure to meet the technical requirements of Rule 52 does not warrant reversal or remand so long as the purposes behind the rule are effectuated."[7] Yet, even though Rule 52 does not require "punctilious detail nor slavish tracing of the

---

[3] *Id.*

[4] *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 284-85 (5th Cir. 1999).

[5] *Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001) (citation omitted).

[6] Fed. R. Civ. P. 52(a)(2); *see also Chandler v. City of Dallas*, 958 F.2d 85, 88-89 (5th Cir. 1992) (per curiam).

[7] *Chandler*, 958 F.2d at 89 (internal punctuation and citations removed).

claims,"[8] "the record must nevertheless support the district court's decision."[9]

C. Merits

Nath contends that (1) the district court abused its discretion in granting Petrello's preliminary injunction without articulating any findings of fact or stating any legal conclusions or reasons, and, (2) even if the injunctive grant was procedurally proper, the district court abused its discretion in granting the injunction on the merits. Petrello responds that, because proceedings for preliminary injunctions are "less formal," we should overlook the district court's failure to conduct fact-finding or state legal conclusions and review the record and draw our own conclusions.

The most pertinent authority in this circuit for interpreting Rule 52(a)(2)'s requirement in the present context is *Sierra Club v. FDIC*.[10]  In that case, the plaintiffs sought a mandatory preliminary injunction preventing the FDIC from approving a sale of environmentally sensitive land in which it had acquired an interest through its receivership of a failed bank.[11]  The district court granted

---

[8] *Cox v. City of Dallas*, 430 F.3d 734, 747 (5th Cir. 2005) (internal punctuation and citation omitted).

[9] *Sierra Club, Lone Star Chapter v. FDIC,* 992 F.2d 545, 551 (5th Cir. 1993).

[10] *See id.*

[11] *Id.* at 547.

the injunction without receiving any evidence or entering findings of fact.[12] We

vacated the injunction, holding that, because the district court had entered no

findings of fact or legal conclusions as required by Rule 52, the plaintiff had not

shown it was entitled to injunctive relief.[13] We reasoned:

> We have held that a district court may issue a preliminary
> injunction without an evidentiary hearing when the facts are not
> disputed.
>
> . . . .
>
> Although the district court may employ informal procedures and rely on
> generally inadmissable evidence, the record must nevertheless support the
> district court's decision.  Indeed, Rule 52 of the Federal Rules of Civil
> Procedure provides that "in granting or refusing interlocutory injunctions
> the court *shall* similarly set forth findings of fact and conclusions of law
> which constitute the grounds for its decisions." (Emphasis added.) In the
> absence of findings of fact and conclusions of law, we will only review the
> district court's injunction decision "when the record is exceptionally clear
> and remand would serve no useful purpose."[14]

In the instant case, the district court's grant of the preliminary injunction

is not the product of an "exceptionally clear record" that warrants relaxing Rule

52's strictures. The facts themselves and their legal implications are hotly

disputed, and the record of the proceedings are wholly devoid of any basis for the

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 551 (internal citations omitted); *see also Davis v. United States*, 422 F.2d 1139, 1142 (5th Cir. 1970) (reviewing an injunctive grant and declining to "overlook" the failure of the magistrate to make factual findings because the facts in the case were hotly disputed).

9

district court's decision. That court did not issue an opinion or explain its reasoning during the hearing or elsewhere. Neither did it identify the elements required for a preliminary injunction, either during the hearing or at any other time, and it made no statement as to whether it had considered those elements or how it found them to have been satisfied. The court never discussed the scope of the injunction or defined what would constitute "any improvements or major changes" to the Home. The entire decision consists of the utterance of but a single sentence during the course of the injunction hearing, viz,; "The Naths are enjoined from any improvements or major changes to the [Home] pending trial."

Permitting the district court to conduct "less formal" proceedings does not mean that a district court is free to abandon all substance and procedure, which is essentially what happened here. Certainly, neither *Sierra Club* nor any other authority of which we are aware makes such allowance; rather that case admonishes that "[a]lthough the district court may employ informal procedures and rely on generally inadmissible evidence, the record must nevertheless support the district court's decision."[15] We are completely satisfied that the district court abused its discretion by granting the preliminary injunction without developing the factual and legal issues as required under Rule 52(a)(2). As the record is not "exceptionally clear," remand is required in the absence of

---

[15] *Sierra Club,* 992 F.2d at 551 (5th Cir. 1993).

10

findings of fact and conclusions of law. Finally, because we conclude that the district court did not adequately comply with Rule 52's requirements, we do not address the merits of the grant of the instant injunction.

## III. CONCLUSION

For the forgoing reasons, we VACATE the district court's injunction and REMAND for further proceedings consistent with this opinion. On remand, however, the district court should determine both whether supplemental jurisdiction for the state law claims has been properly asserted and whether it should continue exercising such jurisdiction in this case.

VACATED and REMANDED.