# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10829

SOFTWARE DEVELOPMENT TECHNOLOGIES,

Plaintiff - Appellant

v.

TRIZETTO CORPORATION,

Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-423

Before STEWART, Chief Judge, and BENAVIDES and OWEN, Circuit Judges.

PER CURIAM:*

This appeal is from the denial of a motion for preliminary injunction sought by Plaintiff-Appellant Software Development Technologies ("SDT") against Defendant-Appellee TriZetto Corporation ("TriZetto"). SDT provided software testing services to TriZetto from 2012 to 2013 using its "Software Testing in the Real World" ("STRW") methodology and courseware. In the course of conducting business, disputes arose over the use and licensing of the

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10829

STRW methodology and courseware, leading to this action in which SDT brought claims against TriZetto for misappropriation of trade secrets, breach of contract, and conversion. The case was originally filed in Tarrant County District Court in Fort Worth, Texas, and removed to the Northern District of Texas, Fort Worth Division. TriZetto filed a motion to dismiss for improper venue, motion to transfer, and motion to compel arbitration per the parties' Master Contractor Services Agreement. SDT filed a motion for preliminary injunction. Specifically, SDT sought to enjoin TriZetto's

> use of the SDT intellectual property[1] . . . in the TriZetto Testing Automation Framework ["TAF"] and to prevent TriZetto from selling, distributing, advertising, marketing, providing or otherwise releasing or demonstrating to any other person or company any product, software, business solution or other tangible item that contains, uses, references, or incorporates the SDT intellectual property pending trial on the merits of this lawsuit.

Br. Supp. Mot. Prelim. Inj. 1. The parties filed motions to conduct expedited discovery in connection with the preliminary injunction motion.

On July 2, 2013, the district court called counsel to schedule a telephone conference for later that day. The motions before the court were the motion to transfer venue, motion for preliminary injunction, motions from each party for leave to conduct expedited discovery relating to the preliminary injunction, and motion to compel arbitration. The conference call included the district court and both parties' counsel. Neither party had been told what the conference call would cover. During the telephone conference, which lasted eleven minutes, there was no presentation of evidence for the district court's consideration. The district court denied the motion to transfer, denied the motion for preliminary injunction, denied the motions for expedited discovery,

---

[1] SDT IP is defined by SDT as "[t]he contents of the STRW disks and associated methodologies and concepts disclosed in the STRW materials." Br. Supp. Mot. Prelim. Inj. 2.

2

No. 13-10829

and granted the motion to compel arbitration. That same day, the district court entered a written order consistent with the telephone conference, without further elaboration. Arbitration is now ongoing. On appeal from the denial of a preliminary injunction, SDT argues that the district court did not enter findings of fact and conclusions of law in compliance with Federal Rule of Civil Procedure ("FRCP") 52(a), did not hold an evidentiary hearing in compliance with FRCP 65, and improperly denied its motion for preliminary injunction. We agree.

This Court reviews a district court's denial of a preliminary injunction for abuse of discretion. *PCI Transp., Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (citing *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 195 (5th Cir. 2003)). To obtain a preliminary injunction, a plaintiff must show that it "is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

FRCP 52(a)(1) states, "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). We have applied this rule in the context of preliminary injunctions. *See Petrello v. Nath*, 350 F. App'x 887, 890-92 (5th Cir. 2009); *Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551-52 (5th Cir. 1993).

In the instant case, all we have to review of the district court's decision is its comments on the matter during the telephone conference:

> I can see that there at least would be a fact issue as to whether or not the contract's violated, but that's a different proposition from concluding that a preliminary injunction should be granted.

3

> There are a lot of factors to take into account to decide whether or not, ultimately, there would—a breach of contract would be found to exist, such as, whether or not there's a possibility for some relief besides injunctive relief, such as the recovery of damages.
>
> I haven't found anything in the papers to indicate to me that the defendant couldn't respond to a judgment in damages, if required to do so.
>
> I don't—I don't think a preliminary injunction is necessary or appropriate in this case, so I'm going to deny that request.

Tr. Telephone Conference 7, July 2, 2013. TriZetto characterizes this portion of the conference as findings on the record in compliance with FRCP 52, but this interpretation is flawed. In the second paragraph, the district court begins as if it is considering factors regarding the likelihood of succeeding on the merits (i.e., "whether or not, ultimately, there would—a breach of contract would be found to exist") but then notes, as an example, the availability of damages as a remedy, which is not a factor for deciding whether the contract was likely breached. TriZetto interprets this portion of the conference as indicating that the district court "ultimately decided nothing in the parties' briefings supported SDT's claim that it suffered irreparable harm," Appellee's Br. 17, but the record is unclear. Given that the second paragraph ends with the district court speaking about the adequacy of damages, it is possible that the subsequent statement in the third paragraph was a conclusion with respect to the adequacy of damages—that is, that damages would be an adequate remedy if SDT received a favorable judgment. Since a failure of any one of the four requirements for a preliminary injunction would be a sufficient basis to deny the preliminary injunction, finding damages to be an adequate remedy would allow the district court to deny the application on the basis that no irreparable harm would result from a denial of a preliminary injunction. However, the statement itself seems to relate more to TriZetto's *ability* to

respond to a judgment in damages, which does not relate to whether damages would be an adequate remedy. *See Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("[T]he mere fact that economic damages may be available does not always mean that a remedy at law is 'adequate.'"). Though the district court did subsequently memorialize the telephone conference in a written order, it did not elaborate to include any specific findings. We find that the district court failed to enter findings of fact and conclusions of law in compliance with FRCP 52(a) in its ruling on the preliminary injunction motion. Thus, we vacate the judgment denying the preliminary injunction.

Because we must vacate the judgment of the district court on the basis of its failure to comply with FRCP 52(a), we need not consider whether the judgment should also be vacated on the basis of FRCP 65. Accordingly, we VACATE the judgment of the district court denying the request for a preliminary injunction, and REMAND for further proceedings as may be necessary. VACATED and REMANDED.