

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2007

# James v. PA Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2937

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"James v. PA Dept Corr" (2007). *2007 Decisions*. Paper 1192.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1192

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-88                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2937

_____

TYRONE P. JAMES,

Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JEFFREY A. BEARD,
PH.D., SECRETARY; FRANKLIN J. TENNIS, SUPERINTENDENT, SCI-
ROCKVIEW; RICHARD ELLERS, HEALTH CARE ADMINISTRATOR; WILLIE R.
BARNES, D.D.S., DENTIST, SCI-ROCKVIEW; SHARON M. BURKS, CHIEF
GRIEVANCE OFFICER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 05-cv-02105)
District Judge: Honorable Yvette Kane

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 29, 2006

Before: MCKEE, FUENTES AND ROTH, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  April 27, 2007 )
_____

OPINION
_____

PER CURIAM

Tyrone P. James, an inmate, appeals the district court's order dismissing his civil rights action, brought pursuant to 42 U.S.C. § 1983, for failure to state a claim upon which relief may be granted. For the following reasons, we will summarily affirm the district court's order.

James is, and at all relevant times was, an inmate at SCI-Rockview, Bellefonte, Pennsylvania. On October 17, 2005, James filed a complaint with the district court against a prison dentist and various prison officials and administrators alleging that he received improper dental care in violation of the Eighth Amendment. James specifically alleged that on April 20, 2004, he requested to see prison dental staff because of an abscessed tooth in the upper right corner of his mouth. The next day, during an appointment with the prison's dentist, Willie R. Barnes, D.D.S., x-rays were taken confirming the presence of an abscess. Dr. Barnes told James that the remedy for James' condition was extraction of the offending tooth. James insisted that an alternative method to soothe his painful condition be employed, but Dr. Barnes maintained that extraction was the only choice available. James then signed a consent form and Dr. Barnes performed the extraction. After the extraction James was permitted to view his removed tooth which he observed as being healthy and neither rotten nor decayed. About a week later, James returned to Dr. Barnes complaining of severe pain in the area of the extraction and numbness in his jaw. In response to James' complaints, Dr. Barnes prescribed an antibiotic.

James subsequently filed a grievance, alleging that Dr. Barnes provided an improper evaluation of James' condition and negligent treatment of his dental needs. James further claimed to be suffering from mental and physical pain as a result of the extraction. Richard Ellers, Health Care Administrator, denied James' grievance noting that Dr. Barnes had provided the only treatment available for James' condition and that "the tooth could not be saved." James appealed Ellers' decision to Superintendent Franklin Tennis. Tennis also denied James' grievance noting that Dr. Barnes' report to him indicated that "an antibiotic would not have prevented, reversed, or even slowed the progression of [James'] abscess. The only possible procedure to save [James'] tooth would have been a root canal [] [and] . . . D.O.C. policy does not permit these particular type of root canals." In a final review, Sharon Burks, Chief Grievance Officer of the Department of Corrections ("Department"), stated that the responses provided to James "at the institutional level [were] appropriate and in accordance with Department of Corrections policies and procedures."

James filed a complaint in the district court and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. As James' complaint named governmental officers and employees as defendants, the district court carried out its obligation to screen the complaint under 28 U.S.C. § 1915A, prior to service of process. On February 28, 2006, pursuant to the magistrate judge's report and recommendation, the district court entered an order dismissing James' complaint for failure to state a claim upon which relief could be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also Fed. R. Civ. P. 12(b)(6). James,

again proceeding pro se, filed a timely notice of appeal.[1]

The district court properly disposed of James' Eighth Amendment claim, as it concerned Dr. Barnes, because James' allegations merely amounted to a disagreement over the proper course of his treatment and thus failed to allege a reckless disregard with respect to his dental care. See Farmer v. Brennan, 511 U.S. 825, 836 (1994). The standard for cruel and unusual punishment under the Eighth Amendment, established by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976), and its progeny, has two prongs: 1) deliberate indifference by prison officials and 2) serious medical needs. See Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); see also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Rouse, 182 F.3d at 197. "Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation." Lanzaro, 834 F.2d at 346. Grossly negligent behavior, however, can constitute deliberate indifference as can a doctor's choice to take an "easier and less

---

[1] This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of a dismissal order for failure to state a claim. See Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004). "In reviewing the grant of a motion to dismiss for failure to state a cause of action, we apply the same standard as did the district court, accepting the allegations of the complaint as true and construing those allegations in a light most favorable to the plaintiff. [] This standard does not vary where the action is brought pursuant to 42 U.S.C. § 1983." Dykes v. Se. Pa. Transp. Auth., 68 F.3d 1564, 1566 n.1 (3d Cir. 1995)(citation omitted); see also Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

-4-

efficacious course of treatment" in response to a serious medical need.  Id. at 347.

James failed to allege facts that, if proved, would constitute a violation of the Eighth Amendment on the part of Dr. Barnes.  James alleged no undue delay in receiving treatment and, as the district court noted, the evidence he presented established that he received timely care from Dr. Barnes.  Although James may have preferred a different course of treatment, his preference alone cannot establish deliberate indifference as such second-guessing is not the province of the courts.  See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)("[c]ourts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment.'"); see also White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990)(doctor's choice of one drug over another is not actionable).  Further there is no indication that Dr. Barnes' decision was based on an ulterior motive beyond routine patient care within the confines of the Department's policies.  See Spruill v. Gillis, 372 F.3d 218, 237 (3d Cir. 2004)(noting that in order to state a deliberate indifference claim, a plaintiff should in some way "connect[] his factual allegations to the alleged mental states" of the defendants); see also Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993)(allegations of a deliberate denial of treatment "motivated by non-medical factors" are sufficient to state an Eighth Amendment claim).  Thus, the district court correctly held that James' allegations could not constitute deliberate indifference.

We also agree with the district court that James failed to state an Eighth

Amendment claim against the remaining appellees, Beard, Burks, Ellers, and Tennis.[2] Because this action is under § 1983, James cannot rely solely on respondeat superior as a theory of liability. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). These various prison officials and administrators are not physicians, and a non-medical prison official is not charged with deliberate indifference for withholding adequate medical care from a prisoner being treated by medical personnel absent "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." Spruill, 372 F.3d at 236. Once a prison grievance examiner becomes aware of potential mistreatment, the Eighth Amendment does not require him or her to do more than "review[] . . . [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment." Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005) (citing Spruill, 372 F.3d at 236). The evidence presented by James conclusively shows that he received treatment from Dr. Barnes and he simply has not alleged any facts implicating these officials other than that they responded unfavorably to his later-filed grievances. Accordingly, the district court did nor err in dismissing James' Eighth Amendment claims against Beard, Burks, Ellers, and Tennis.

Even in light of the less stringent standards applied to pro se complaints, James failed to allege sufficient facts to survive a dismissal for failure to state a claim. See

---

[2] We note that suit against the Department is barred by the state's Eleventh Amendment immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

Estelle, 429 U.S. at 106 (noting that "a pro se complaint . . . can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")  Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the decision of the district court.  See Third Circuit LAR 27.4 and IOP 10.6.