NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 22, 2013[*]
Decided March 25, 2013

**Before**

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2570

| | |
|---|---|
| DION MATHEWS and MUSTAFA-EL K.A. AJALA, formerly known as Dennis E. Jones-El, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *Plaintiffs-Appellants,* | No. 10-cv-742-bbc |
| *v.* | Barbara B. Crabb, *Judge.* |
| RICK RAEMISCH, et al., | |
| *Defendants-Appellees.* | |

**O R D E R**

Wisconsin prisoners Dion Mathews and Mustafa-El K.A. Ajala appeal the grant of summary judgment for defendant prison officials in this suit under 42 U.S.C. § 1983, asserting that the conditions of confinement violate the United States Constitution. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

According to the complaint, Mathews and Ajala are housed in segregation at the Wisconsin Secure Program Facility in Boscobel and have had several of their federal rights violated. They assert that defendants violated their rights to privacy and to be free from cruel and unusual punishment by subjecting them to 24-hour video monitoring and lighting in their cells. Moreover, the plaintiffs allege that defendants are acting with deliberate indifference to a serious medical need and also are violating the Equal Protection Clause of the Fourteenth Amendment by denying the plaintiffs Velcro shoes to treat preexisting foot conditions. Ajala also asserts that defendants are acting with deliberate indifference to an infected tooth of his by refusing to authorize a root canal and instead offering only an extraction.

The district court screened the complaint, *see* 28 U.S.C. § 1915A, and dismissed three of the claims on the pleadings. The court dismissed the video-surveillance claims because prisoners have no right to privacy in their cells and because the plaintiffs did not allege that the cameras had been put in their cells needlessly to harass them. The court dismissed the equal protection claim involving the shoes because, although the plaintiffs alleged that similarly situated prisoners had been treated differently, they attached to their complaint affidavits from other prisoners in segregation stating that they too had been denied the shoes.

After discovery the court granted summary judgment for the defendants on the remaining claims. Regarding the plaintiffs' claim that the defendants were deliberately indifferent to serious medical needs by refusing to provide Velcro shoes, the court concluded that, even assuming the plaintiffs had a serious medical need for Velcro shoes, there was no evidence that any of the defendants who denied the plaintiffs' requests was aware of that need. According to prison officials' affidavits, a new cost-cutting policy at the prison provided Velcro shoes only to inmates who had limited dexterity in their hands and thus needed shoes that are easier to fasten. As for Ajala's claim regarding his infected tooth, the court relied on undisputed affidavits from doctors stating that a root canal is not medically necessary and that an available tooth extraction will treat his problem. The court concluded that a dispute over the choice between routine medical procedures did not rise to a constitutional violation. As for the 24-hour lighting claim, the court concluded that the light—emanating from a 5-watt bulb, according to undisputed affidavits from guards—posed no substantial risk of serious medical harm. Moreover, the court concluded, the defendants were not deliberately indifferent to any risk caused by the lights since they permitted the plaintiffs to cover their eyes with a towel or washcloth if necessary to help them sleep.

Mathews and Ajala first challenge the district court's conclusion that no defendant knew of any serious medical need for the shoes. They rely on medical request forms they

filled out requesting Velcro shoes. But prison officials violate the Eighth Amendment only if they act with deliberate indifference to an inmate's serious medical needs. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994); *Holloway v. Deleware Cnty. Sheriff,* 700 F.3d 1063, 1072 (7th Cir. 2012). As the district court concluded, even if there was a need for the shoes, the plaintiffs provided no evidence that the defendants who denied the requests had any reason to believe the shoes were medically necessary. The request forms show only that the prison officials knew the plaintiffs wanted shoes, not that the defendants were aware that the shoes were medically necessary.

Mathews and Ajala next contend that the district court erred by concluding that the conditions of confinement claim was unsupportable because the 5-watt light bulb posed no serious threat of physical harm. It is true that the district court was wrong to suggest that the plaintiffs needed to show something beyond psychological harm. *See Thomas v. Illinois,* 697 F.3d 612, 614 (7th Cir. 2012); *Washington v. Hively,* 695 F.3d 641, 643 (7th Cir. 2012). But even assuming that 24-hour lighting involving a single 5-watt light bulb might constitute an "extreme deprivation" prohibited by the Eighth Amendment, *see Hudson v. McMillian,* 503 U.S. 1, 9 (1992); *Gruenberg v. Gempeler,* 697 F.3d 573, 579 (7th Cir. 2012), we agree with the district court that the guards were not deliberately indifferent to this need. Allowing the plaintiffs to cover their eyes with towels was a reasonable response to their complaints.

Next Ajala argues that the district court erred by granting summary judgment on his claim of deliberate indifference to his infected tooth because the prison refuses to provide him with a root canal procedure. The district court correctly found that  the prison is offering him an extraction procedure and that this dispute is over nothing but the choice of one routine medical procedure versus another.  That is not enough to prove an Eighth Amendment claim of deliberate indifference. *McGowan v. Hulic,* 612 F.3d 636, 641 (7th Cir. 2010); *see also Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010); *Ciarpaglini v. Saini,* 352 F.3d 328, 331 (7th Cir. 2003).

Mathews and Ajala also challenge the dismissal of several of their claims at screening. First they argue that the court was wrong to dismiss their privacy and cruel and unusual punishment claims regarding the video surveillance of their cells — a situation they liken to "daily visual strip searches" because it allows guards to watch them defecate, urinate, and shower. But as the district court concluded, a prisoner retains no expectation of privacy in his cell under the Fourth Amendment. *Hudson v. Palmer,* 468 U.S. 517, 525–26 (1984); *Johnson v. Phelan,* 69 F.3d 144, 146 (7th Cir. 1995) (noting that "monitoring of naked prisoners is not only permissible . . . but also sometimes mandatory"). As the district court also noted, we have concluded that Eighth Amendment violations occur in a related context, strip searches, only if officers conduct themselves without justification "in a

harassing manner intended to humiliate and cause psychological pain." *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *see Washington,* 695 F.3d at 642; *Whitman v. Nesic,* 368 F.3d 931, 934 (7th Cir. 2004). Here the plaintiffs pleaded themselves out of court by alleging that defendants placed cameras in their cells "at random" without regard to who was in the cell.

The plaintiffs also argue that the district court wrongly dismissed their equal protection claim because saving costs is not a rational basis for the prison to deny them Velcro shoes. *See Johnson v. Daley,* 339 F.3d 582, 585–86 (7th Cir. 2003). But, as the district court noted, to sustain an equal protection claim, plaintiffs must also allege that they have been treated differently from those similarly situated. *See Engquist v. Oregon Dep't of Agric.,* 553 U.S. 591, 601 (2008); *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Though the plaintiffs alleged vaguely that they were singled out, they attached to their complaint contradictory affidavits from other inmates in segregation stating that they too had been denied Velcro shoes because of budgetary concerns. Exhibits attached to a complaint can be reviewed together with the complaint, and the affidavits can trump the allegations in the complaint. *See Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 754 (7th Cir. 2002).

Finally, the plaintiffs argue that the district court abused its discretion by denying their motion for appointment of counsel because, they say, counsel could have strengthened the preparation and presentation of the case. The plaintiffs, however, have no right to court-appointed counsel in a civil suit. *See Romanelli v. Suliene,* 615 F.3d 847, 851 (7th  Cir. 2010); *Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir. 2007) (en banc).  The district court reasonably denied the motion in light of the quality of the plaintiffs' previous filings and the suit's lack of factual or legal complexity.

AFFIRMED.