**REVISED October 2, 2019**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20485

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2019

Lyle W. Cayce
Clerk

MATTHEW JAMES LEACHMAN,

Plaintiff-Appellant,

v.

HARRIS COUNTY, TEXAS, County Judge's Office; SHERIFF ED GONZALES; DOCTOR MARCUS GUICE; DOCTOR DAVID SMITH; DOCTOR ALAN HARPER,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-457

Before WIENER, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

Matthew James Leachman alleges the Harris County Jail is violating his Eighth Amendment rights. He sued the County, the Sheriff, and several dentists who care for prisoners at the jail, under 42 U.S.C. § 1983. The district court denied his motion for a preliminary injunction, denied his request for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20485

appointment of counsel, and directed him to file a more definite statement. He appeals from these three orders. We have interlocutory appellate jurisdiction over the first two, and we affirm the district court as to both. We lack jurisdiction, however, to review the third.

## I.

In 1998, a Texas jury convicted Matthew James Leachman of aggravated sexual assault of a child. *See Leachman v. State*, No. 01-98-01255-CR, 2006 WL 2381441, at *1 (Tex. App.—Houston [1st Dist.] Aug. 17, 2006, pet. ref'd) (unpublished). He was sentenced to 40 years in prison. *Id.*

In 2015, the Southern District of Texas found Leachman had been denied his right to self-representation at trial and granted a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Leachman v. Stephens*, No. 4:11-CV-212, 2015 WL 5730378, at *1 (S.D. Tex. Sept. 30, 2015). After the writ was granted, Leachman was transferred from the custody of the Texas Department of Criminal Justice ("TDCJ") to the Harris County Jail while awaiting a new trial. *See Ex parte Leachman*, 554 S.W.3d 730, 734 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). His Eighth Amendment claim arises from his dental care while incarcerated at the Harris County Jail.

Leachman filed a complaint under 42 U.S.C. § 1983 against the County, various jail officials, and dentists working in the jail. Leachman alleged they were deliberately indifferent to his serious medical needs by refusing to fill his cavities and instead offering only to extract his decaying teeth. In particular, Leachman asserted that in September 2016, a piece of his back molar broke off while he was chewing. In October 2016, he was seen by a jail dentist. The dentist informed Leachman that it would be preferable to save the tooth rather than extract it but that the County jail had an "extractions only" policy. Accordingly, if Leachman wished to try to save the tooth, he would have to wait until he was released, wait until he returned to TDCJ's custody, or arrange for

a private dentist to fill his teeth at the jail.  Leachman refused extraction at the time.  Leachman could not locate a private dentist to perform the work necessary to save his tooth.  The pain worsened, and in February 2017, Leachman again visited the dentist, who opined that extraction of the decaying tooth was necessary.  Leachman agreed to the surgery.

On January 5, 2018, Leachman went to his annual dental checkup and was informed by a different dentist that he had three cavities.  The dentist explained that the jail dental facility did not perform fillings and did not have the proper equipment to do so.  Instead, the jail dentist could extract the decaying teeth.  According to Leachman, within a week of the visit, two of the decayed areas "chipped and broke off from those teeth."  He experienced "minor discomfort" and feared losing more teeth.

Leachman filed a motion for a preliminary injunction requiring the defendants "to preserve the status quo by filling [his] cavities before decay progresses beyond salvageability."  In the motion, Leachman stated that although no new pieces of his teeth had broken off, he was experiencing discomfort and some pain.  Leachman stated that he was unable to submit medical evidence on tooth decay but noted that the district court could take judicial notice of the effects of tooth decay, emphasizing that it is common knowledge that if tooth decay is not treated, it will eventually lead to loss of the tooth.  He cited *Baughman v. Garcia,* 254 F. Supp. 3d 848 (S.D. Tex. 2017), which states it is "undisputed that tooth decay, if left untreated, is progressive and can result in extreme pain, loss of tooth structure, and ultimately loss of the affected tooth."  *Id.* at 874.

## II.

We have jurisdiction over the denial of a preliminary injunction under 28 U.S.C. § 1292(a)(1).  *See Byrum v. Landreth*, 566 F.3d 442, 444 (5th Cir. 2009).  Our review is for abuse of discretion, and we will reverse "only under

extraordinary circumstances." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

A movant is entitled to the "extraordinary remedy" of a preliminary injunction only if he establishes:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum*, 566 F.3d at 445 (quoting *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006)). He must carry "a heavy burden of persuading the district court that all four elements are satisfied," and failure to carry the burden on any one of the four elements will result in the denial of the preliminary injunction. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (quoting *Hardin v. Houston Chronicle Publ'g Co.*, 572 F.2d 1106, 1107 (5th Cir. 1978) (per curiam)).

The district court determined Leachman had not shown a substantial likelihood of success because the "difficult questions of law" at issue "create sufficient doubt regarding the probability of his success on the merits." It also determined Leachman had not established a substantial threat of irreparable injury.[1] So it concluded Leachman had not carried his burden of persuasion. We need not reach the second conclusion because we agree with the first.

---

[1] Leachman complains that the district court's order does not include factual findings or discuss his evidence in connection with the denial of the motion for preliminary injunction. True, a district court's ruling on a motion for a preliminary injunction must comply with Federal Rule of Civil Procedure 52(a) by stating reasons for the ruling. *See Davis v. United States*, 422 F.2d 1139, 1141 (5th Cir. 1970). Compliance with Rule 52(a) is not a jurisdictional requirement, however, *id.* at 1142, and it is enough if the district court's order gives the reviewing court "a clear understanding of the factual basis for the decision," *Burma Navigation Corp. v. Reliant Seahorse MV*, 99 F.3d 652, 657 (5th Cir. 1996). The district court's order did so here.

No. 18-20485

The Supreme Court has said prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, amounting to an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion)). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). To prevail on a claim of deliberate indifference to medical needs, the plaintiff must show the defendant denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

A prisoner's disagreement or dissatisfaction with his medical treatment generally will not suffice to show deliberate indifference. *Gobert*, 463 F.3d at 346. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Gamble*, 429 U.S. at 103–04). "[W]hen 'balancing the needs of the prisoner against the burden on the penal system, . . . the essential test is one of medical necessity and not one simply of desirability.'" *Carlucci v. Chapa,* 884 F.3d 534, 538 (5th Cir. 2018) (quoting *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. Unit A June 1981)).

Leachman has not shown he is significantly likely to succeed on the merits. We have concluded a prisoner failed to state a claim under the Eighth Amendment based on the jail's provision of "extraction of his injured teeth" rather than "more expensive restorative treatment." *McQueen v. Karr*, 54 F. App'x 406 (5th Cir. 2002) (per curiam). Indeed, we even affirmed dismissal of that complaint as frivolous. *Id.* And our sister circuits have found that similar

5

No. 18-20485

disputes about a course of dental treatment do not state an Eighth Amendment violation. *See Mathews v. Raemisch*, 513 F. App'x 605, 607 (7th Cir. 2013) (extraction instead of a root canal does not amount to deliberate indifference to a serious medical need); *James v. Penn. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) (per curiam) (extraction of an abscessed tooth was not an Eighth Amendment violation even where another possible treatment, a root canal, was not available pursuant to prison policy); *Willis v. Washington*, 172 F.3d 54 (7th Cir. 1999) (unpublished table decision) (no Eighth Amendment violation where prisoner alleged "he was told he either could live with the pain or have his teeth pulled" and argued "he should have been offered alternatives to extraction").

There is some precedent supporting the theory that a prison's refusal to provide medical treatment that is ordered by a doctor or dentist can constitute deliberate indifference. *See, e.g., Jones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 758, 760 (5th Cir. 2018) (per curiam) (prisoner stated a viable claim where he was denied a diabetic diet ordered by his doctor, which allegedly resulted in a heart attack and other life-threatening complications); *Carlucci,* 884 F.3d at 538–41 (prisoner stated a viable claim Eighth Amendment claim under *Bivens* where dentist advised he needed bridges and dental surgery but prison failed to provide the recommended dental procedure).

In light of this conflicting case law, Leachman has not shown a substantial likelihood of success on the merits. He is not entitled to the extraordinary remedy of a preliminary injunction.

## III.

Leachman also sought appointment of counsel to represent him in his § 1983 lawsuit. He contends he requires the assistance of counsel based on the complexity of his case and because proving his case would require expert medical testimony, subpoenaing documents not in his possession, and

No. 18-20485

discovery from nonparties.  The district court denied his motion.  We have previously said this decision is immediately appealable.  *See Robbins v. Maggio*, 750 F.2d 405, 409, 413 (5th Cir. 1985).[2]

Leachman has no automatic right to appointed counsel in this civil rights matter.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  A district court is not required to appoint counsel for an indigent § 1983 plaintiff "unless the case presents exceptional circumstances."  *Id.*  To determine whether exceptional circumstances exist, courts consider (1) "the type and complexity of the case"; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) "whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination."  *Id.* at 213.  We will not overturn a district court's decision regarding appointment of counsel unless the appellant shows a "clear abuse of discretion."  *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

The district court determined that Leachman failed to present exceptional circumstances because the case was not complex and because he was in a position to adequately communicate and present his case.  We agree.  In light of the clear, concise, and well-researched pleadings Leachman has filed and the lack of complexity of his claims, Leachman has not shown exceptional circumstances demonstrating an abuse of discretion.  *See Ulmer*, 691 F.2d at 212.

## IV.

Finally, Leachman challenges the district court's order requiring him to provide a more definite statement.  We lack interlocutory appellate jurisdiction

---

[2] Although the Court will soon consider this issue *en banc, see Williams v. Catoe*, No. 18-40825 (5th Cir. June 18, 2019) (order granting initial hearing *en banc*), we apply *Robbins* as the current law of the circuit.

No. 18-20485

over this order. It is not a final judgment, *see* 28 U.S.C. § 1291, an interlocutory order subject to immediate appeal, *id.* § 1292(a), or certified for immediate appeal by the district court, *id.* § 1292(b). *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). Though the collateral order doctrine allows some additional interlocutory appeals, the doctrine extends only to "decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995)). That is not the case with an order requiring a more definite statement of the plaintiff's claims for relief.

Leachman asks us to exercise pendant jurisdiction based on the other interlocutory orders that are properly before us. To be sure, exercising pendant jurisdiction may be "proper in rare and unique circumstances where a final appealable order is 'inextricably intertwined' with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order." *Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453 (5th Cir. 1998) (per curiam) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 n. 29 (5th Cir. 1995)). But that is not the case here. A routine order requiring a plaintiff to provide additional factual detail is not inextricably intertwined with the interlocutory orders before us.[3]

\*    \*    \*

The district court's orders denying Plaintiff-Appellant's motion for a preliminary injunction and motion for appointment of counsel are AFFIRMED. Plaintiff-Appellant's appeal from the district court's order requiring a more

---

[3] Leachman asks in the alternative that we treat his appeal as a petition for a writ mandamus. But he does not meet the legal requirements for the writ. *See, e.g.*, *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 352–53 (5th Cir. 2017).

No. 18-20485

definite statement is DISMISSED for want of jurisdiction, and his alternative petition for a writ of mandamus is DENIED.